American National Bank v. Morey

CASE 104—ACTION TO RECOVER DAMAGES FOR DEFENDANT'S WRONGFUL REFUSAL TO HONOR PLAINTIFF'S CHECK.—SEPTEMBER 26.

# American National Bank v. Morey.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

BANKS—WRONGFUL DISHONOR OF CHECK—MEASURE OF DAMAGES— PUNITIVE DAMAGES.

Held: 1. In an action against a bank to recover damages for its wrongful refusal to honor a depositor's check, plaintiff, who, at the time her check was dishonored was pursuing a special study in a strange city, may recover for any time she lost, or any expenses she incurred, or for any loss of credit, of business, or of instruction that she sustained, by reason of the dishonor of the check; but as only compensatory damages are allowed she may not recover for humiliation or mortification of feeling.

2. The fact that plaintiff had a nervous chill when her check was protested and returned to her is not to be considered in estimating the damage, as the chill was not such a thing as should reasonably have been anticipated from persons of ordinary health and strength.

3. It was error to give an instruction authorizing the jury to award punitive damages, there being nothing to indicate actual malice, oppression, or bad motive.

HUMPHREY, BURNETT & HUMPHREY, for Appellants.

### POINTS.

1. The motive with which a contract to pay money is violated, is not material, and ought not to authorize the infliction of punitive damages.

2. Where malice is alleged, in an action for breach of contract, it must be proved, and in the absence of such proof an instruction to find punitive damages hypothecated upon malice, is error.

3. Refusal to submit to the jury the question of the bank's intention or design in refusing to pay plaintiff's check was error.

4. The rule that damages are presumed when a trader's or a merchant's check is wrongfully dishonored, does not apply to an individual not engaged in mercantile pursuits. In such a case, damages must be alleged with particularity, and proven.

### AUTHORITIES CITED.

Morse on Banking, sec. 289; 99 Ky., 263; Sedgwick on Damages, sec. 603; Same, vol. 28 ed. p. 247; Smith v. W. U. Tel. Co., 83 Ky., 104; Chapman v. Same, 90 Ky., 265; James Co. v. Continental Bank (Tenn.) 51 L. R. A., 255; Mt. Sterling Nat. Bank v. Greene, 99 Ky., 262; Brooks v. Tradesmen's Nat. Bank, 69 Hum., 202 (23 N. Y. Supp., 802); Beatty v. Thompson's Admr., 23 R., 1850; L. & N. R. R. Co. v. McCombs, 21 R., 1238; A. & E. Ency. of Law, 247; Reeves v. French, 20 R., 221; Stovall v. Com., 23 R., 105; Bromage v. Prosser, 4 B. & C., 247 (10 E. C. L., 321); Ferguson v. Kinnoull, 9 Cl. & F. 321; Page v. Cushing, 38 Maine, 523; A. & E. Ency. of Law (2d ed.) vol. 19, p. 628; Ohio Valley Tel. Co. v. Meyer, &c., 56 S. W., 673; Rap. & Law Dict. p. 784; 2 Bouv. Law Dict (Rawles Ed.) p. 295; Black's Law Dict., p. 745.

R. C. & J. J. DAVIS, for Appellee.

### POINTS AND AUTHORITIES.

1. Liability of bank to depositor for dishonoring check. Measure of damages. Patterson v. Marine Nat. Bank, 130 Pa. St., 419, 17 Am. St. Rep., 778; Schaffner v. Ehrman, 139 Ill., 109, 15 L. R. A., 134; Svendsen v. State Bank of Duluth, 64 Minn., 40, 31 L. R. A., 552; Birchall v. Third Nat. Bank, 19 Cent. L. J., 390; Atlanta Nat. Bank v. Davis, 96 Ga., 334, 51 Am. St. Rep., 140; Nat. Bank of Lebanon v. Boles, 12 Ky. Law Rep., 422; Mt. Sterling Nat. Bank v. Greene, 99 Ky., 262; J. M. James Co. v. Bank (Tenn.) 80 Am. St. Rep., 865 (note).

American National Bank v. Morey.

2. Instructions.    Definition of malice.    Ratliffe v. Louis-
ville Courier Journal Co., 18 Ky. Law Rep., 293; Bouvier's
Law Dictionary (Head of malice); Am. & Eng. Ency. of Law
1st ed.) vol 14, p. 5; Courier-Journal Co. v. Sallee, 20 Ky. Law
Rep., 634-637.

3. Erroneous instruction no ground for reversal unless pre-
judicial to substantial rights of party complaining.    Morton v.
Lawson, 1 B. Mon., 45; Sims v. Reed and Wife, 12 B. Mon.,
51; Ratliffe v. Courier-Journal Co., 18 Ky. Law Rep., 293; Fitz-
gerald v. Barker, 4 J. J. Marsh, 398; Emanuel v. Cocke, 6 Dana,
214; Price v. Evans, 4 B. Mon., 388.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

On April 4, 1900, Joseph W. Morey deposited with appel-
lant, the American National Bank, $150 to the credit of the
appellee, Virginia R. Morey, who was his wife. In the
latter part of April, Morey raised a check given him by
Belknap & Co. from $800 to $1,800, and drew the money
on it from appellant. On May 4th he committed suicide.
Appellant settled with Belknap & Co. for the loss. On
May 24th appellee deposited with the bank $72, and this
was credited on her pass book underneath the $150 which
had theretofore been entered on it. In the month of Sep-
tember, 1900, she was in Chicago, Ill., taking lessons with
Mrs. Leonide C. Lavaron, with the idea of coming back
to Louisville, and doing burnt-wood work. On September
15th, when she had been there one week, and expected to
continue a month longer, she gave Mrs. Lavaron a check for
$30 on appellant, to pay for two weeks' lessons and ma-
terials bought of her. She had previously drawn two
checks for $25 each, which had been paid. When the $30
check reached appellant, it indorsed on it, "Has but twelve
dollars to her credit," and refused to pay it. The check
was returned from Chicago, and, after passing through
the hands of the different indorsers, was returned by Mrs.
Lavaron to appellant. She was among strangers, had no

friends in Chicago, was very much mortified, had a nervous chill, and finally had to be taken to her mother-in-law, at Englewood, Ill. She telegraphed to Louisville, but appellant persisted in refusing to pay, and finally money was forwarded to her from some relatives in Louisville, with which she paid Mrs. Lavaron, and, as we understand the evidence, returned to Louisville. In November she filed a suit against appellant to recover the balance of her deposit, and also filed this suit to recover damages for the refusal to pay the check of $30, charging that the statement of the defendant returned with the check was false and malicious, made with the intent to injure the plaintiff; that by reason thereof her credit had been injured, she had been greatly humiliated, and had endured great mental suffering, to her damage in the sum of $1,000. After the suit to recover the deposit was filed, appellant paid to her the balance due as shown by her passbook, $162, and filed answer in the suit for damages, denying the allegations of the petition. That case was tried later, resulting in a verdict and judgment for $600, to reverse which this appeal is prosecuted.

The reason that the bank did not pay the check was that it conceived the idea that the $150 deposited to appellee's credit by her husband was his money, and that it had a right to set off against it the $1,000 it had lost by reason of his raising the Belknap check. So it charged off the $150 in her account, and credited it to his account. But it gave her no notice of this, and it manifestly had no right to do so, as far as the proof shows. The court instructed the jury that if at the time the check was presented to the defendant the plaintiff had money in the bank deposited to her credit sufficient to pay the check, and the defendant refused to honor it, then they should find for her such a sum

in damages as would fairly compensate her for any loss or impairment of credit she sustained, and for any humiliation or mortification of her feelings she had been subjected to, by reason of the refusal to honor her check; and if the defendant maliciously refused to honor the check, then, in addition to compensatory damages, they might award such additional sum, by way of punitive damages, as in their discretion they deemed proper. The propriety of these instructions is the chief question on the appeal. In Bank v. Green, 99 Ky., 262 (18 R., 178) 35 S. W., 911, 32 L. R. A., 568, it was held that if a bank refuses to honor the check of its customer without sufficient justification, he has his action for damages against the bank; citing Moss, Bank, section 458. But in that case the measure of damages was not determined. The authorities are uniform that the relation between the bank and the depositor is that of debtor and creditor. They are equally uniform that when the bank fails to honor the check of its depositor, when he has funds with it sufficient to pay the check, a right of action accrues at once, and that the recovery is not to be limited to nominal damages. Mr. Bishop says the banker for this may be sued in tort, though the wrong is believed to be without name. Bish. Noncont. Law, section 491. In 5 Am & Eng. Ency. Law, p. 1060, the rule as to the measure of damages is thus stated: "The depositor, by proving special loss, is always entitled to recover substantial damages. But if unable to show any special loss or injury, the better opinion seems to be that he would still be entitled to recover such moderate damages as the jury should judge to be a fair and reasonable compensation for the injury which he must have sustained, for it is almost impossible for a check to be dishonored without reflecting upon the character and credit of the drawer; the extent of

the injury being within the peculiar province of the jury to determine." This is taken from the language of Lord Campbell, C. J., in Rolin v. Stewart, 14 C. B., 595, and seems to be supported by the later cases in England and in this country. In Patterson v. Bank, 130 Pa., 419, 18 Atl., 632, 17 Am. St. Rep., 778, a judgment for $300 for dishonoring a check was affirmed. The trial court charged the jury that the plaintiff was entitled to recover substantial damages, and that they might find punitive damages "if, under all the circumstances in the case, the defendant unnecessarily and unreasonably acted in disregard of the rights of plaintiff, and with partiality against him." The court said· "A bank is an institution of a quasi public character. It is chartered by the government for the purpose, *inter alia,* of holding and safely keeping the moneys of individuals and corporations. It receives such moneys upon an implied contract to pay the depositors' checks upon demand. Individual and corporate business could hardly exist for a day without banking facilities. At the same time, the business of the community would be at the mercy of banks if they could at their pleasure refuse to honor the depositors' checks, and then claim that such action was a mere breach of an ordinary contract, for which only nominal damages could be recovered, unless special damages were proved. There is something more than a breach of contract in such cases; there is a question of public policy involved, as was said in Bank v. Mason, 95 Pa., 113, 40 Am. Rep., 632; and a breach of the implied contract between the bank and its depositor entitles the latter to recover substantial damages. In this case the jury do not appear to have given more; they evidently did not award punitive damages" In Schaffner v. Ehrman, 139 Ill., 109, 28 N. E., 917, 15 L. R. A., 134, 32 Am. St. Rep., 192, a judg-

ment for $450 damages was affirmed, where the dishonor of
the checks was due to a mistake of the bookkeeper in charg-
ing the checks of another customer to the account. It was
held that there was no evidence of malice, and there seems
from the report of the case to have been little proof of
special damage. The court laid down as the proper meas-
ure of damages a reasonable compensation for the injury
the customer must have received from the dishonoring of
his checks. In Bank v. Goos, 39 Neb., 437, 58 N. W., 84,
23 L. R. A., 190, when Goos' check was dishonored, he was
arrested and placed in prison, and newspapers were printed
and sold on the streets, publishing the fact. The court re-
versed a verdict for the plaintiff, on the ground that the
proper measure of damages was not given the jury. It
held that there could be no punitive damages, that his ar-
rest and imprisonment could not be considered, and that
he could only recover such temperate damages as would be
a reasonable compensation for the dishonor of the check.
Substantially the same rule was laid down in Svendsen v.
Bank, 64 Minn., 40, 65 N. W., 1086, 31 L. R. A., 552, 58
Am. St. Rep., 522; J. M. James Co. v. Continental Nat.
Bank (Tenn.), 58 S. W., 261, 51 L. R. A., 255, 80 Am. St.
Rep., 857; Bank v. Davis, 96 Ga., 334, 23 S. E., 190, 51 Am.
St. Rep., 139. There was some evidence as to loss of credit,
and, aside from this, the instruction so far as it submitted
this as an element of damage, was correct. But there was
nothing in the case to indicate actual malice, oppression,
or bad motive on the part of the bank, and no instruction
should have been given as to punitive damages. None of
the cases allow a recovery for humiliation or mortification
of feeling where compensatory damages only are allowed,
and the instruction of the court, in so far as it allowed a
recovery for this, was improper. The fact that the plaintiff

had a nervous chill when the check was protested and returned to her, and had to be taken to her mother-in-law's, was immaterial, as the nervous chill was not the natural result of the protest of the check, or such a thing as should reasonably have been anticipated from persons of ordinary health and strength. On the contrary, the plaintiff may recover for any time she lost, or any expenses she incurred, or for any loss of business or instruction that she sustained, by reason of the dishonor of the check. Her pleading does not appear to have been drawn under the view of the law we have indicated, and on the return of the case she may have leave to amend her petition, and set out her damages specially, if she desires to do so. Robinson v. W. U. Tel. Co. (24 R., 452) (68 S. W., 656). The action rests upon the ground that the bank is charged by law with certain duties, and that for a breach of these duties it is liable to the party injured for the damages done him. The measure of these damages is the same as in the case of the breach of other duties imposed by law.

Judgment reversed, and cause remanded for a new trial.