# COLUMBIA NATIONAL BANK *v.* MacKNIGHT.

---

APPEALS; PREJUDICIAL ERROR; EVIDENCE; BANKS AND BANKING; CHECKS, DISHONOR OF; REPUTATION, EVIDENCE; ATTORNEY AND CLIENT; EXCESSIVE VERDICT.

1. A judgment for the plaintiff will not be reversed on the ground that one of the counts of the declaration contained an improper claim of damages, and that, therefore, a demurrer thereto was improperly overruled, where the lower court on the trial excluded evidence tending to prove such damages.

·2. In an action against a bank for wrongfully dishonoring the plaintiff's checks, evidence is admissible on behalf of the plaintiff, relating not only to the first check dishonored, but to all subsequent checks dishonored, although the latter were drawn by the plaintiff after the bank had notified him that it would not honor them.

3. While in an action against a bank for failure to pay the plaintiff's checks at a time when he had sufficient money on deposit to meet them the plaintiff's reputation is in issue, particular instances of his misconduct, such as drawing checks on the defendant bank after his deposit had been exhausted, are not admissible in evidence,—especially where such specific acts were committed subsequent to the matters in suit.

4. In an action by a physician against a bank for the wrongful dishonor of his check, the plaintiff is not confined to the recovery of nominal damages only, because he is not a trader, but may recover substantial damages, although he does not show special damage.

5. It is not error for the trial court, in an action against a bank for the wrongful dishonor of plaintiff's checks, to instruct the jury that records of previous convictions for forgery of a person claimed by the defendant to have been the plaintiff are entitled to no consideration if the jury believe that the plaintiff is another and different person, and even if they believe that he is the same person, such records constitute no defense to the suit; and to refuse to instruct the jury, at the request of the defendant, that, if they find that the financial standing of the plaintiff was such that he could not have been injured by the wrongful refusal of the defendant to honor his checks, then he is not entitled to recover. The refusal to pay the check of a former convict may result in even more injury than similar treatment might inflict upon a better citizen.

6. In an action against a bank for the wrongful refusal to pay plaintiff's check, it is not error for the trial court to refuse to instruct the jury, at the request of the defendant, that a check drawn by the plaintiff to the order of his attorney and presented by the attorney is the same as if presented by the plaintiff himself, and that the refusal by the bank to pay such check does not entitle the plaintiff to recover.

7. The size of a verdict is for the consideration of the trial court on a motion for a new trial.

No. 1737.    Submitted April 2, 1907.    Decided June 4, 1907.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action against a bank to recover damages for the alleged wrongful dishonor of plaintiff's checks.          *Affirmed.*

The facts are stated in the opinion.

*Mr. B. F. Leighton,* for the appellant:

1. The court erred in overruling the demurrer to the first count of plaintiff's declaration. The defendant can only be chargeable with such damages as may reasonably be supposed to be within the contemplation of both parties at the time the de-

posit was made. *Hadley* v. *Baxendale,* 9 Exch. 341; *Howard* v. *Stillwell & Bierce Manufacturing Company,* 139 U. S. 206; *Primrose* v. *Western Union Telegraph Company,* 154 U. S. 28; *Fererro* v. *Telegraph Company,* 9 App. D. C. 455; *Insurance Co.* v. *Boon,* 95 U. S. 130; *Putnam* v. *Broadway, etc., R. R. Co.* 55 N. Y. 119; *Milwaukee, etc., Ry. Co.* v. *Kellogg,* 94 U. S. 475; *Bank of Commerce* v. *Goos,* 39 Neb. 437; Morse on Banks and Banking, vol. 2 4th ed., sec. 458. The pleading is bad for three reasons: (*a*) the damages claimed are too remote and consequential; (*b*) the declaration should have alleged knowledge or notice to the bank that plaintiff must remain in jail unless the check was paid; and (*c*) the injury alleged is to the person of the plaintiff, and not to his financial standing and credit.

2. Plaintiff, with this knowledge, had no legal right to draw checks upon the bank, with the expectation or purpose of holding the bank liable for the slander to his financial credit and standing. It was his duty to recognize, and not to ignore, the position taken by the bank, although that attitude might not have been justified in law. He could have immediately sued the bank for the amount of its indebtedness to him, but he could not, by giving a multitude of checks, create a like number of distinct causes of action against the bank. By drawing checks which he knew would be dishonered, albeit wrongfully, he became the author of the injury done to his credit by their dishonor. *Volenti non fit injuria.* His action is in violation of the principle laid down in *Davis* v. *Mann,* 10 M. & W. 548. See also *Spencer* v. *R. R. Co.* 4 Mackey, 143; *Fererro* v. *Tel. Co. supra.*

3. The court erred in rejecting the evidence offered by defendant to show that, after plaintiff's deposit was exhausted, he continued to draw checks upon said bank, and that they were presented for payment. *Leeds* v. *Cook,* Esp. 256; *Palmer* v. *Andrews,* 7 Wend. 142; *Johnson* v. *Caulkins,* 1st Johnson's Cases (N. Y.) 116; *Willard* v. *Stone,* 7 Cow. 22; *Norton* v. *Warner,* 9 Conn. 172; *Harrison* v. *Price,* 22 Ind. 165; *Bromley* v. *Wallace,* 4th Esp. 237; *Wyndham* v. *Wycombe,* Id. 16;

Buller's *Nisi Prius,* 27; *Earl of Leicester* v. *Walter,* 2 Camp. 251; *Buford* v. *McLuny,* 1 N. & McC. (S. C.) 268; ——— v. *Moor,* 1 Mau. & Sel. 285; *Anthony* v. *Stephens,* 1 Mo. 254, 13 Am. Dec. 498; *Ratcliffe* v. *Louisville Courier-Journal Co.* 99 Ky. 416; *Leonard* v. *Allen,* 11 Cush. 245; *Clark* v. *Brown,* 116 Mass. 509; *McNutt* v. *Young,* 8 Leigh, 542; *M'Cabe* v. *Platter,* 6 Blackf. 405; *Saunders* v. *Johnson,* Id. 50; *Regnier* v. *Cabot,* 2 Gilman, 34, 40; *Phenix* v. *Risley,* 111 U. S. 127; 2 Morse on Banks & Banking, 4th ed sec. 446; *Indus. Trust, Title, & Savings Co.* v. *Weakley,* 103 Ala. 458; Tiedmann on Con. Paper, sec. 433; 2d Daniel on Neg. Instruments, secs. 1597, 1629.

4. The second prayer of the plaintiff, which was granted, is based upon the theory that the plaintiff was entitled to substantial damages for the dishonor of his checks, notwithstanding he was not a merchant or business man by occupation. The seventh prayer of the defendant, as presented to the court, rested upon the theory that only special damages, alleged and proved, ought to be awarded to the plaintiff. The striking out of the phrase, "the plaintiff not being a merchant or engaged in mercantile business," in the seventh instruction, would not have rendered the law laid down therein ambiguous or uncertain, except for the granting of the second instruction. The jury could not have followed both; and that the seventh instruction is a correct statement of the law, as applied to the facts in the case at bar, is established by the authorities. *Marzetti* v. *Williams,* 1 B. & Ad. 415, 20 E. C. L. R. 20, 541; *Rolin* v. *Steward,* 14 C. B. 595, E. C. L. R. 78, 595; *Henderson* v. *Bank of Hamilton,* 26 Ont. 645; *Bank of New South Wales* v. *Milvain,* 10 Vict. L. R. 3; *C. N. Bank* v. *I. & T. Bank,* 119 N. Y. 195, 199; *Burroughs* v. *Traders' National Banak,* 87 Hun, 6; *Davis* v. *Standard National Bank,* 50 App. Div. N. Y. 210, is not in point. In that case there was a distinct averment that the action of the bank in dishonoring plaintiff's check was malicious and wilful; here, there was no such averment. The plaintiff in that case was in active business, and it was in respect to that business that the dishonored checks were drawn. In *Schaffner* v.

*Ehrman,* 139 Ill. 109, the plaintiff was a trader, as also was the plaintiff in each of the following cases: *Hanna* v. *Drovers National Bank,* 92 Ill. App. 612; *Wiley* v. *Bunker Hill National Bank,* 183 Mass. 495, 67 N. E. 655; *Svendson* v. *State Bank of Duluth,* 64 Minn. 40; *Birchall* v. *Third National Bank,* 19 Cent. L. J. 390. In *Atlanta National Bank* v. *Davis,* 96 Ga. 335, the inference is that plaintiff was a trader. In *Patterson* v. *Marine National Bank,* 130 Pa. St. 419, plaintiff was a business man, and the court held that the defendant was liable to the plaintiff in substantial damages for the wrongful dishonor of his checks. It rested the liability of the bank on the ground of public policy; and in support of the principle upon which the case was decided it referred to the case of the *First National Bank* v. *Mason,* 95 Pa. 113, and to no other authority. That case is not an authority for the principle stated. See also Odgers on Libel and Slander, pp. 51, 60. *Pollard* v. *Lyon,* 91 U. S. 225. Appellant's counsel has found no case where general damages have been allowed any person for the dishonor of his check, whose occupation was not that of a trader, or who was not engaged in business. The absence of such cases from the books raises a very strong presumption that the law is against the right of recovery.

5. The check described in the first count of the declaration was payable to and presented by plaintiff's attorney, and the proceeds were to be applied for plaintiff's benefit. The check related to the business for which the attorney was employed. How could its dishonor affect the standing and credit of the plaintiff any more than if it had been presented by himself? The presentation and demand of payment was his act, in theory of law, not the act of the payee of his check. The publication of dishonor to his agent was publication to himself, and the legal injury and consequence of the dishonor was the same in the one case as in the other. The instruction embodied in defendant's ninth prayer ought therefore to have been granted.

*Mr. A. E. L. Leckie, Mr. Creed M. Fulton,* and *Mr. Joseph W. Cox* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

The appellee, Dr. Harry P. MacKnight, sued the appellant, the Columbia National Bank of Washington, to recover damages for the wrongful dishonor, by the bank, of six checks of the appellee, although the appellee had on deposit at the time money enough to pay them.

On June 20, 1904, MacKnight deposited with the Columbia National Bank a draft for $300, which, on the day after it was deposited, was paid by the Merchants National Bank of Philadelphia, on which it was drawn by the cashier of the Traders National Bank of Lowell. On June 28th the appellant paid three of the appellee's checks, amounting to $25.

A month before that time the appellee had settled in this District to practice osteopathy. On June 29, 1904, he was arrested on the charge of obtaining money under false pretenses. On that day he gave to Plumley, his attorney, his check for $210, which Plumley indorsed and presented at the bank, but the teller refused to pay it.

The bank had heard of the appellee's arrest on the charge mentioned, and Corson, the cashier, became suspicious that the draft deposited was a forgery. On July 8th the bank officers became satisfied that the appellee was entitled to the proceeds of the draft, and directed the paying teller to honor his checks until his balance was exhausted. The last check was paid on July 30th. As appeared by the records of the police court, the charges against the appellee were abandoned.

The defendant offered in evidence the record conviction, in the State of Ohio, of Hiram P. MacKnight for forging a promissory note, and another conviction for fraudulently uttering a promissory note, and another conviction for obtaining money by false pretenses. Upon these three convictions the sentences to imprisonment in the penitentiary aggregated eleven years. Lott, an attorney familiar with these prosecutions, and Mr. Southard, a member of Congress, who prosecuted Hiram P. MacKnight in the first-mentioned case, each positively identified the appellee, Harry P. MacKnight, as the convict, though the

appellee strenuously denied the identity, and testified that the convict in the three cases was his cousin.

The verdict was for the appellee, and the appellant brings eleven assignments of error.

First. It is said the court erred in overruling the demurrer to the first count of the plaintiff's declaration. This count alleged damage to the appellee in his good name and business reputation, and, further, that because the bank refused to honor his check he was unable to procure his release, and was kept in prison forty-two hours, and otherwise subjected to great humiliation and indignity. The trial judge excluded evidence tending to prove the damages alleged in this count. It is not expedient to discuss this assignment of error; the appellant was not prejudiced by the mere claim of damages in the first count of the appellee's declaration. The court did not admit a particle of evidence to sustain this claim for damages. Since the appellant was not prejudiced, whatever view we may take of the question of damages discussed by counsel, the judgment should not be reversed on this account.

The second and eighth assignments of error relate to the dishonored checks sued upon in the last six counts of the declaration. The appellant claims that, after the bank dishonored one check of the appellee, the latter had no legal right to draw other checks, but that it was his duty to sue the bank, and that it was wrong for the appellee to draw repeated checks demanding payment of his own money deposited in the bank for that purpose. This objection is groundless. The court properly admitted the evidence of each separate wrong to the appellee by the refusal to pay such separate check drawn against his deposit.

The third assignment of error is that the court erred in rejecting evidence to show that after appellee's deposit had been exhausted he drew checks upon the bank, which were presented to it for payment. It appears the appellee's account was closed on July 30, 1904.

In an action like this, for injury to the plaintiff's character and reputation, the plaintiff's character is always in issue, but

we cannot agree that particular instances of misconduct are admissible, and especially so in this case, when the specific acts offered to be proved were committed after the happening of the wrongs for which the plaintiff sued. While the trial court refused to admit specific acts subsequent to the matters in suit, it very liberally permitted the defendant to prove the bad credit and bad reputation of the plaintiff at the times his checks were dishonored, by admitting the evidence of the convictions mentioned.

The fourth, fifth, sixth, ninth, and tenth assignments of error relate to the question of damages and to the instructions of the court respecting damages. The contract which the law implies between a bank and its depositor is that the bank will hold the funds and pay them out according to the order of the depositor. Its failure in the performance of a duty which the law thus imposes upon the bank constitutes a breach of the contract which the law implies, and renders the bank legally liable, either in tort or upon contract; and a breach of the contract between the bank and its depositor entitles the latter to recover substantial damages. See *Patterson* v. *Marine Nat. Bank,* 130 Pa. 433, 17 Am. St. Rep. 779, 18 Atl. 632. A bank customer's check cannot possibly be wrongfully refused payment without some impeachment of his credit, which must in fact be an actual injury, though we cannot, from the nature of the case, furnish satisfactory and distinct proof of the injury. If the plaintiff be able, he may show special damage, but if he be not able, the jury may give such temperate damages as they may conceive to be a reasonable compensation for the injury which he must have sustained; and the extent of the injury is within the peculiar province of the jury to determine. Indeed, it appears he may recover substantial damages for such refusal. Although in this case the plaintiff was a physician, and not a trader, we think the jury should not have been confined to nominal damages only. Morse, Banks & Banking, 4th ed. sec. 458; Sutherland, Damages, sec. 77; 5 Am. & Eng. Enc. Law, 2d ed. p. 1060; 5 Cyc. Law & Proc. p. 535; *Rolin* v. *Steward,* 14 C. B. 599; *American Nat. Bank* v. *Morey,* 113

Ky. 857, 58 L.R.A. 956, 101 Am. St. Rep. 379, 69 S. W. 759;
and *Atlanta Nat. Bank* v. *Davis,* 96 Ga. 334, 51 Am. St. Rep.
139, 23 S. E. 190. In the last case cited, in which it does
not appear that the plaintiff was a trader, Justice Lumpkin
said: "The plaintiff's recovery is not to be limited to merely
nominal damages, but he should be awarded temperate dam-
ages." And in *Davis* v. *Standard Nat. Bank,* 50 App. Div. 210,
63 N. Y. Supp. 767, where the plaintiff was not a trader, sub-
stantial damages for the impairment of the plaintiff's credit
were awarded and sanctioned by the court.

The second and third prayers of the plaintiff instructed the
jury that in awarding damages they were not confined to
nominal damages, and, although no special damages may have
been shown, they could award to the plaintiff fair and reasona-
ble compensation for the injury to his credit and financial
standing sustained by reason of the dishonor of his check by
the defendant. The court properly struck out of the defend-
ant's seventh prayer the phrase "the plaintiff not being a mer-
chant or engaged in mercantile business." To a degree the
prayer thus modified and granted stated the rule of damages
more favorably than the defendant was entitled to. The slight
inconsistency between the second and third prayers of the
plaintiff and the modified seventh prayer of the defendant, con-
sidered in connection with the court's clear oral instruction re-
specting damages, convinces us that the jury should not have
been confused or misled upon the subject of damages.

The court did not err in granting plaintiff's sixth prayer,
which declared that the records of the conviction of Hiram P.
MacKnight were entitled to no consideration if the jury be-
lieved that the plaintiff was another and different person; and
even if they believe that the plaintiff and Hiram P. MacKnight
are the same person, such records of conviction constituted no
defense to the suit of the plaintiff against the bank for dis-
honoring his check; and under the ninth assignment, the court
properly refused to instruct the jury that, if they should find
that the financial standing of the plaintiff was such that he could
not have been injured by the wrongful refusal of the defendant

to honor his checks, then he was not entitled to recover. If a man has served one or more sentences in the penitentiary, and is a depositor in the bank, a refusal to pay his check may operate even more injury than similar treatment might inflict upon a better citizen. We are convinced the court fully and fairly instructed the jury upon the question of damages.

It follows from what we have said that the court properly refused to instruct the jury to return a verdict for the defendant, which constitutes the seventh assignment of error. Nor did the court err in refusing to instruct the jury that a check drawn to the order of the plaintiff's attorney is the same as if presented by the plaintiff himself, and a refusal to pay such a check does not entitle the plaintiff to recover from the bank. We see no reason why a check given to an attorney for a fee should not be paid as readily as the depositor's check to any other person; and under the circumstances of this case it may well be that the good opinion of his attorney respecting his client's credit and financial standing was presently valuable to the plaintiff.

In this case the verdict appears large, but the consideration of this question was for the trial judge who heard the case and overruled the motion for a new trial. We are convinced that the judge committed no reversible error, and therefore this judgment must be *affirmed, with costs, and it is so ordered.*