## Berea Bank & Trust Company v. Mokwa.

(Decided April 25, 1922.)

### Appeal from Madison Circuit Court.

1. Banks and Banking—Accounts.—It is the duty of a bank to correctly keep the accounts of its patrons and if it fails to do so, and as a consequence payment of a check or checks is refused by the bank when the drawer has funds in said bank, subject to check, sufficient to pay the same, the bank is liable in damages, and the depositor may recover for all loss suffered by him to his business or credit directly resulting from the wrongful refusal of the bank to pay the check or checks.

2. Banks and Banking—Drawing Checks by Depositors.—A depositor may continue to draw checks upon a bank in which he has funds deposited, subject to check, sufficient to cover said checks even though the bank through mistake has theretofore wrongfully refused payment on other checks of the drawer.

3. Trial—Duty of Trial Court to Give Law—Instructions.—It is not the duty of the trial court, in a civil case, to give all the law of the case to the jury in its instructions. But if the court undertakes to instruct upon an issue, it must give the correct law of the case. If, however, one of the parties desire the court to give an instruction upon an issue or question in the case, it is the duty of such party to request such instruction of the court, or to offer in writing an instruction covering the point in question, and if the court refuse to give such an instruction when so offered or requested and the party is entitled thereto, the question being saved by exception will constitute reversible error on appeal to this court if the substantial rights of the appellant were prejudiced by the refusal of the trial court to give the said instruction.

5. New Trial—Newly Discovered Evidence.—A new trial will not be granted on newly discovered evidence, unless the alleged newly

discovered evidence is of such nature and potency as to be controlling upon another trial.

A. R. BURNAM, JR., for appellant.

C. C. WALLACE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellee Mokwa recovered in the Madison circuit court a judgment against the appellant, Berea Bank & Trust Company, for $750.00, in an action in which it was alleged that the bank had wrongfully failed to honor, pay off and satisfy certain checks drawn by Mokwa on said bank in which he had at the time funds sufficient to pay and satisfy the checks. The bank appeals, insisting first, that the instruction given by the trial court to the jury on the measure of damages, in the event the jury should find for the plaintiff below, was erroneous in that it did not tell the jury that it was the duty of Mokwa, after he learned of the bank's refusal to honor his checks, to exercise reasonable care and diligence to minimize his damages; second, the discovery of new evidence after the trial which would have been, as appellant believes, important and controlling in its defense.

In brief of counsel for appellant it is stated that the instructions did not submit the issue raised by the pleadings in that the defense of the bank as contained in the second paragraph of its answer was that it was an unavoidable mistake, due to extraordinary conditions existing in the bank force resulting from sickness in their families, and that the mistake could have been corrected promptly but that the defendant Mokwa deliberately failed to call the bank's attention to the error and continued to give checks for the sole purpose of building up a damage suit for himself, and that if he had called the bank's attention to the error and co-operated with it in tracing deposits the mistake would have been corrected promptly and no injury would have resulted. Appellee Mokwa insists that he gave the bank all the assistance he could and repeatedly urged its officials in charge of its business to correct his account by giving him credit for the deposit which he had made, at the same time telling said officials the time and amount of each deposit. The cashier of the bank contradicted this in part and admitted it in part. By the second paragraph of the answer the bank admits its mistake and failure to give appellee

Mokwa credit for deposit of $100.00, but it says that this error was entirely unintentional and due to the fact that two of the regular employes of the bank were compelled to be away from the bank and that the other remaining employes were overworked; that the bank was prevented from ascertaining correctly the error because of the refusal and failure of the appellee Mokwa to exhibit his passbook and co-operate with them in correcting this error. While it appears from the evidence for appellee Mokwa that he did everything he reasonably could to induce the bank to correct his account and to give him credit for deposits made by him, we do not think this controlling, for it must be remembered that this was after the bank had dishonored his checks and the mischief, whatever it amounted to, had been done. Moreover, it was the duty of the bank to keep its accounts correctly and to see that deposits made by its patrons were properly credited to their accounts, and to pay checks of such depositors when there were sufficient funds to the credit of the checking depositor with which to do so. This burden is upon the bank and not upon the depositor because he has no access to the books. Had the bank called upon appellee Mokwa for assistance after it refused payment of his checks and he had refused to lend such assistance this would have constituted not a defense but a matter in mitigation only. Granting, however, that appellant bank had a right to rely upon the failure of appellee Mokwa to assist them in straightening out their accounts at the bank, as a defense or in mitigation of damages, it was the duty of the bank at the trial to have offered an instruction upon the subject or to have asked the trial judge to so instruct the jury. It is a well recognized rule in this jurisdiction that the trial court is not obliged in civil cases to instruct upon the whole law of the case—M. H. & E. R. Co. v. Thomas, 140 Ky. 143; East Tennessee Telephone Company v. Cook, 155 Ky. 640—nor to instruct on any point unless requested to do so by one of the parties to the cause. Chicago Veneer Co. v. Jones, 143 Ky. 21. A party desiring an instruction upon an issue or point in a case should either request the trial judge to instruct thereon, or offer to the court such an instruction in writing, and if the court refuse to give such requested instruction, an exception saved at the time will preserve the question for this court, and if the party was entitled to such an instruction and his substantial rights were prejudiced by the failure of the court to give it, the judg-

ment will be reversed; and this is true even though the instruction offered by counsel on the point was defective either in form or substance, for in such case it is the duty of the court to give a correct instruction upon the subject. West Kentucky Coal Co. v. Davies, 138 Ky. 667; L. & N. R. R. v. Harrod, 115 Ky. 877.

As the court was not asked to give an instruction presenting the phase of the case now relied upon in brief of counsel, appellant waived its right to have the court present to the jury such an instruction. While we regard the instruction given by the court on the measure of damages as substantially correct and conforming quite completely to an instruction approved by this court in the case of American National Bank v. Morey, 113 Ky. 857, which was an action of the same general nature as the one before us, we think it could have been made more direct and certain if it had read: If the jury find for the plaintiff it will allow him such a sum in damages, if any, as it may believe from the evidence will fairly and reasonably compensate him for any loss of time or loss of or impairment of credit sustained by him as a direct and proximate result of the refusal of said bank to honor his check or checks, not to exceed the sum of $2,500.00, the amount claimed in the petition. This point, however, was not made or relied upon by appellant and was not such error, if error at all, as would have warranted the trial court in awarding a new trial.

(2) It is next insisted by appellant that after the trial the bank learned for the first time that a witness named Dr. J. M. Logsden would have testified that Mokwa had told him about the bank making the mistake and his checks being turned down, that he intended to wait twenty days, after which time he would probably be arrested, charged with felony for giving cold checks, and then he would have a ten thousand dollar damage suit against the bank. In support of this ground for new trial appellant filed the affidavit of Dr. Logsden, stating in substance that after Mokwa had informed him that the bank had made a mistake in not giving him credit for deposits and had wrongfully refused to pay his checks, he (Mokwa) told the affiant he did not propose to do or say anything about it until after the expiration of twenty days, at which time he would be liable to prosecution for a felony and that this would give him ground for a ten thousand dollar damage suit against the bank. Mokwa filed his affidavit in rebuttal, stating that he and Dr. Logsden, who made

the affidavit for the appellant, had met at numerous times at the home of a Mr. Richardson in Berea, and Dr. Logsden had frequently twitted and joked him (Mokwa) about his suit against the bank which was then pending, and that he (Mokwa) in a joking manner did say in substance to Dr. Logsden what is set forth in his affidavit, but it was all in a joke and so accepted at the time by Dr. Logsden, and further sets forth that he had called the attention of the doctor to this fact, after the filing of his affidavit and that the doctor would swear that it was all in a joke and would say that it was said in fun. The affidavit of Andy Richardson was also filed, in which it is shown that he was present at the time the said conversation took place between Dr. Logsden and appellee and that all that was said was in the course of a joking conversation; that Dr. Logsden was teasing or joking appellee Mokwa about his suit and trouble with the bank and Mokwa made answer in like vein. On this showing the trial court overruled, and we think properly, the motion for new trial upon the ground of newly discovered evidence.

It has been held that a depositor may, after the bank has refused to honor his check when he has funds sufficient to meet the same, continue to draw checks upon the bank and each wrongful refusal of the bank to pay his checks is admissible as evidence upon the trial of a suit for damages resulting from such wrongful conduct on the part of the bank. 5 Ruling Case Law, p. 545. It follows from this that had the fact that appellee Mokwa made the statement about the ten thousand dollar damage suit been known to appellant bank at the time of the trial and adduced as evidence, it could have done no more than mitigated the recovery. Our rule will not allow this court to grant a new trial on the ground of newly discovered evidence except where the evidence is of such a character and potentiality as to render a different verdict reasonably certain upon another trial. The evidence relied upon for a new trial in this case does not measure up to this standard. The trial court properly overruled the motion and grounds for a new trial.

Judgment affirmed.