**BANK OF LOUISVILLE ROYAL, Appellant,**

v.

**Mrs. J. E. (Nancy) SIMS, Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Charles F. Wood, Greenebaum, Barnett, Wood & Doll, Louisville, for appellant.

Benjamin Mazin, Louisville, for appellee.

CLAY, Commissioner.

Appellee recovered $631.50 for the wrongful dishonor of two small checks. This sum included the following items of damage: $1.50 for a telephone call; $130 for two weeks' lost wages; and $500 for "illness, harassment, embarrassment and inconvenience". The trial court, trying the case without a jury, found that the dishonor was due to a mistake and it was not malicious.

KRS 355.4–402 provides:

"A payor bank is liable to its customers for damages *proximately caused* by the wrongful dishonor of an item. *When the dishonor occurs through mistake liability is limited to actual damages proved.* If so proximately caused and proved damages may include damages for an arrest or prosecution of the customer or *other consequential damages.* Whether any consequential damages are proximately caused by the wrongful dishonor is a question of fact to be determined in each case." (Emphasis added.)

This statute does not define "consequential" damages but it is clear they must be proximately caused by the wrongful dishonor. It appears this statute codi-

fies the common law measure of damages as it heretofore existed in Kentucky. American Nat. Bank v. Morey, 113 Ky. 857, 69 S.W. 759, 58 L.R.A. 956; Berea Bank & Trust Co. v. Mokwa, 194 Ky. 556, 239 S.W. 1044. As in other cases of breach of contract, "proximately caused" damages, whether direct or consequential, would be those which could be reasonably foreseeable by the parties as the natural and probable result of the breach. 22 Am. Jur.2d, Damages, section 56 (page 88); 10 Am.Jur.2d, Banks, section 576 (page 546); Otis Elevator Co. v. Standard Const. Co. (D.C.Minn.), 92 F.Supp. 603.

The plaintiff deposited for her account with appellant a check for $756, drawn on an out-of-town bank. In order to permit such a check to clear, it was apparently customary for the bank to delay crediting the account for a period of three days. By mistake one of appellant's clerks posted a ten-day hold on this check, and during that period two of plaintiff's checks were dishonored and returned with the notation "Drawn Against Uncollected Funds". Apparently she had some difficulty getting the matter straightened out.

The plaintiff had respiratory trouble and, because of it and a case of "nerves", her doctor advised her to take a two-week leave of absence from her place of employment, which she did. She testified she was embarrassed, humiliated and mortified, but her principal complaint seems to be of the difficulty and delay in getting the bank to correct its mistake.

In American Nat. Bank v. Morey, 113 Ky. 857, 69 S.W. 759, 58 L.R.A. 956, it was held that if there was no basis for punitive damages for the dishonor of a check, recovery cannot be had for humiliation or mortification. It was also held that plaintiff's "nervous chill" was not the natural result of the dishonor or such a thing as could be reasonably anticipated. In Berea Bank and Trust Co. v. Mokwa, 194 Ky. 556, 239 S.W. 1044, it was recognized that loss of time could be a proper item of damages provided it was the direct and

proximate result of the bank's refusal to honor a check.

 On the authority of Morey, the plaintiff was not entitled to recover for her hurt feelings or for her "nerves". It follows, therefore, that she was likewise not entitled to recover for her two weeks' lost time from work even if her mental state actually contributed to this loss. From the proximate cause standpoint, these nebulous items of damage bore no reasonable relationship to the dishonor of her two checks and consequently they could not be classified as "actual damages proved". (Had the action of the bank been willful or malicious, justifying a punitive award, damages of this kind might have been recoverable as naturally flowing from this type of tortious misconduct, but we do not have that question here.)

■ The charge for the telephone call was a proper item of damages.

The judgment is reversed, with directions to enter judgment for the plaintiff in the sum of $1.50.

All concur.