THE ATLANTA NATIONAL BANK *v.* DAVIS.

1. Where a check, properly indorsed, was by due course of mail sent for collection to the bank on which it was drawn, the drawer having at the time sufficient funds on deposit in that bank with which to pay the check, and it was returned unpaid, this was in effect a refusal to pay, although there was no protest nor wilful dishonor of the paper, and its return, as stated, was due solely to the negligent mistake of an employee of the bank.

2. In such case the bank, even though there was no proof of special damage, was liable to the drawer of the check for such temperate damages as would be a reasonable compensation for the injury;

and in legal contemplation, this means something more than mere nominal damages.

3. In the present case, the verdict for $200.00 was not too large.

June 10, 1895.

Action for damages. Before Judge WESTMORELAND. City court of Atlanta. September term, 1894.

To the facts appearing in the opinion it is proper to add only the following: The check was for $12.48, dated August 15, 1893. It was sent by the plaintiff in payment of a bill due by him to a person in Tennessee. It was there deposited in a bank which forwarded it to the defendant bank for payment, from which it was returned unpaid, with a note stating: "Reasons for refusal, if any, indorsed on back of paper." No reason was so indorsed or elsewhere stated. Plaintiff had over $300 to his credit in the defendant bank when it received the check. The refusal and return of it were by mistake of a clerk. On September 4, plaintiff wrote to defendant, asking why the check was returned unpaid; and on September 7, defendant wrote to him a letter apologizing for the mistake and explaining how it occurred, and to the Tennessee bank a letter stating that the check was returned through error, and that plaintiff was one of defendant's best customers and had never drawn against his account without funds to his credit.

B. F. & C. A. ABBOTT, for plaintiff in error.

W. C. GLENN and C. D. MADDOX, *contra.*

LUMPKIN, Justice.

1. The plaintiff's check came by due course of mail to the defendant bank, upon which it was drawn, and in which he had on deposit at the time sufficient funds with which to pay it. The check was returned unpaid. It seems clear from the evidence that this was done, not deliberately or maliciously, but in consequence of a mistake made by one of the employees of the bank. The paper was not protested nor wilfully dishonored. Still,

so far as the plaintiff is concerned, we think what occurred amounted to a refusal to pay his check. The consequences to him resulting from the inadvertence of the bank official were exactly the same as if there had been an express refusal to pay. We do not think a bank should be allowed to send out a paper with a badge of dishonor upon it, and then protect itself by saying, in effect, this was caused simply by its own carelessness.

2. It was not denied that if the conduct of the bank amounted to a refusal to pay, it was liable in damages to the plaintiff; but the serious question was, as to what should be the measure of such damages. There was no proof of any actual or special damage, and the defendant therefore insisted that, at most, the damages awarded should be only nominal. We have given the subject some investigation, and as a result, we find ourselves unable to accept this as a correct proposition of law. The following authorities are pertinent, and throw much light upon the question:

In 2 Addison on Contracts, §820, the author, after stating the general rule that a banker is bound to honor the checks of his customers, if presented within banking hours and provided he has in hand sufficient funds for the purpose belonging to the customers, adds: "And if he refuses, he is liable to an action by the customer for substantial damages, without proof of actual damages; for it is a discredit to the customer to have his cheque refused payment." Again, in 2 Morse on Banks, §458, after a statement of the general rule relating the bank's duty in the premises, we find the following: "This duty and this right are so far substantial, that if the bank refuses, without sufficient justification, to pay the check of the customer, the customer has his action for damages against the bank. It has been said that if in such action the customer does not show that he has suffered a tangible or measurable loss or injury from the refusal,

he shall recover only nominal damages. But the better authority seems to be, that even if such actual loss or injury is not shown, yet more than nominal damages shall be given. It can hardly be possible that a customer's check can be wrongfully refused payment without some impeachment of his credit, which must in fact be an actual injury, though he cannot from the nature of the case furnish independent distinct proof thereof."

Accordingly, it would seem that the plaintiff's recovery is not to be limited to merely nominal damages. We find authority for saying that in such a case he should be awarded "temperate" damages. Thus, in Birchall v. Third National Bank, 19 Cen. Law J. 390, it was ruled that a bank is liable in temperate damages to a customer for a wrongful dishonor of his check, without proof of special damages. In the notes appended to an article on "Damages for Wrongful Dishonor of Checks," following the report of the above cited case, will be found a large collection of authorities, which may be of help to any one desiring to further pursue an investigation into this question. Another authority for the allowance of "temperate" damages to a customer for wrongful dishonor of his check, although special damage is not shown, is Newmark on Special Bank Deposits, §215; and the same rule is stated in 3 Am. & Eng. Enc. of Law, p. 226, under the title "Checks." In a note to the text, Birchall's case, supra, is cited.

3. In view of all the evidence disclosed by the record, we think the verdict for $200 rendered in the present case was "temperate," and therefore sustainable.

<em>Judgment affirmed.</em>