IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

## WESTERN DIVISION.

---

JACKSON, APRIL TERM, 1900.

---

THE J. M. JAMES CO. *v.* BANK.

(*Jackson.* June 6, 1900.)

1. LIMITATIONS, STATUTE OF. *Of six months not applicable.*

The statute which prescribes a six months limitation for "actions for slanderous words spoken," has no application to an action for injury resulting to plaintiff's credit from the wrongful act of a banker in refusing to pay the check of a customer who had an ample deposit to meet it. Said statute, as its terms import, applies to actions for injurious words and not to actions for injurious acts. (*Post, pp. 7–12.*)

Code construed: § 4468 (S.); ? 3468 (M. & V.); ? 2771 (T. & S.).

Case cited: Harrison *v.* Burem, 1 Shan. Cases, 94.

21 P—1

The J. M. James Co. *v.* Bank.

2. DECLARATION.   *Averment of special damage unnecessary, when.*

Under a declaration which avers that the plaintiff, a trader en-
gaged in the mercantile business, was injured by the wrongful
act of his banker in failing and refusing to pay checks drawn
upon an ample deposit, there may be a recovery of substantial
damages without any averment or proof of special damages.
The averment that "plaintiff is a trader," if supported by
proof, entitles him, in such case, to substantial damages.
(*Post, pp. 12, 13.*)

3. SAME.   *Negative averments not required, when.*

In an action against a banker for injury resulting to plaintiff's
credit from a banker's wrongful refusal to pay his check, out
of an ample deposit, it is not essential for plaintiff to aver that
defendant did not have a lien on the deposit for indebtedness
due to himself, as such fact, if it exists, is matter of defense.
(*Post, pp. 13, 14.*)

4. EVIDENCE.   *Of special damages not admissible without averment
thereof.*

Unless same is averred as special damages, it is not competent
for plaintiff to prove the loss of the patronage or confidence
of particular persons, in an action by a trader to recover of a
banker for injury resulting to the former's credit from the
wrongful refusal of the latter to pay checks drawn upon a
deposit amply sufficient to meet them.   (*Post, p. 14.*)

Case cited: Bank *v.* Bowdre, 92 Tenn., 724.

5. SAME.   *General impairment of credit admissible without specific
averment.*

But, in such case, it is competent to prove general impairment
of the plaintiff's credit by the defendant's wrongful dishonor
of plaintiff's checks, without specific averment of that fact.
(*Post, pp. 14, 15.*)

6. CHARGE OF COURT.   *As to damages, erroneous.*

In an action by a trader against a bank for injury to plaintiff's
credit by the defendant's wrongful dishonor of checks drawn
upon an ample deposit, the law conclusively presumes dam-
age from proof of the relation of the parties and wrongful
dishonor of plaintiff's checks, and it is error for the court to
charge that the jury must, in addition, ascertain how plaintiff
was damaged by defendant's act.   The court should have in-
structed the jury that, if the facts as to the relation of the

parties and the dishonor of the checks were as averred, the law conclusively presumed damages, and that their sole remaining duty was to ascertain the amount. (*Post, p. 15.*)

Case cited: Bank *v.* Bowdre, 92 Tenn., 724.

7. SAME. *Same.*

In an action by a trader to recover damages of a banker for in juring his credit by a wrongful refusal to pay his checks, out of an ample deposit, it is error for the Court, in its charge, to confine the damages recoverable by plaintiff to such as he may have sustained with the particular persons in whose favor the checks were drawn. The plaintiff is entitled, in such case, to recover the entire damages legitimately resulting to his credi and business from defendant's wrongful act. (*Post, pp. 15, 16.*)

8. SAME. *Misleading and erroneous, when.*

In an action against a bank for injury to a depositor's credit, resulting from the bank's wrongful refusal to pay checks out of an ample deposit, it is error for the court to instruct the jury, in the absence of any proof to justify it, in regard to the distinction between the absolute refusal of the bank to pay the checks and its request for a reasonable delay to examine the state of the depositor's account. (*Post, pp. 16, 17.*)

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

THOS. H. JACKSON and H. C. WARRINER for The J. M. James Co.

METCALF & METCALF for Bank.

BEARD, J. The J. M. James Company, a mercantile firm in Memphis, was, on the 19th day

of March, 1897, a customer and depositor with the defendant bank. On that day it drew several checks in favor of different payees on this bank, which were presented the following day for payment. When so presented payment was refused, and their respective holders were notified of the fact. Subsequently this action of the bank was reconsidered, and the checks were recalled and paid. On April 12, 1898, the present suit was instituted. The declaration of the plaintiff contained five counts, substantially as follows:

(1) That the plaintiff was, and had been, engaged as a trader in the mercantile and commission business in Memphis for several years prior to March 19, 1897, and a customer of and depositor with the defendant bank, and that on that day, and for several days prior and subsequent thereto, it had on deposit with the defendant $3,212.46, subject to plaintiff's checks; that on said day it drew several checks on defendant bank, as follows: One in favor of W. W. James for $500, one in favor of W. H. Cousins for $54.51, one in favor of W. H. Cousins for $2,-251.76, and one in favor of the Memphis National Bank for $250; that said checks were presented on the following day, March 20, 1897, to the defendant bank for payment, whereupon defendant refused to pay said checks, and they were thereby dishonored, and that such refusal was wrongful on defendant's part, and a breach of its contract with

plaintiff, and plaintiff has suffered great injury therefrom. Wherefore plaintiff has been damaged in the sum of $75,000 and sues.

(2) After repeating the language of the first count, the second count alleged:

"The refusal and failure of defendant to pay said checks when it had on deposit more than a sufficiency of money to pay them, deposited with it by plaintiff, was wrongful, wilful, and malicious, and plaintiff has suffered great injury therefrom. Wherefore the plaintiff has been damaged in the sum of $75,000, and sues."

(3) After repeating as in the last count, the third count alleged:

"The refusal and failure to pay said checks when it had on deposit more than a sufficiency of money to pay, then deposited by plaintiff with defendant, as aforesaid, was wrongful, wilful, and malicious, and was done with the intention and purpose on the part of the defendant to injure plaintiff in its credit, business, and reputation; and plaintiff avers that it has been injured in its credit, business, and reputation by the damage thereof, and has suffered to the extent of $75,-000. Wherefore plaintiff sues."

(4) After averring as in the former counts, the fourth count alleged:

"This failure and refusal on the part of defendant to pay said checks was wrongful, and a breach of its contract with plaintiff; and plaintiff

avers that it has been injured greatly thereby— its credit has been injured, its reputation hurt, and plaintiff has, in consequence of defendant's said breach of contract, lost many of its customers, and has been unable to obtain the credit necessary to conduct its business successfully. Hence plaintiff avers that it has suffered damages to the extent of $75,000, for which it sues defendant."

(5) After averring as in the former counts, and that plaintiff was doing business in the State of Arkansas, Mississippi, and Tennessee, and that it possessed the confidence of the business public in its integrity and fair dealing, said fifth count alleged:

"This failure and refusal on the part of the defendant to pay said checks was wrongful, willful, and malicious, and was done with the intention and purpose on the part of the defendant to injure plaintiff in its credit, business, and reputation. The plaintiff further avers that it has been greatly injured and wronged in its credit, business, and reputation; that by said wrong inflicted on it by defendant, plaintiff's credit has been impaired, its business reputation hurt, and as a consequence thereof it has lost many of its customers, and has been unable to obtain the credit necessary to conduct its business successfully. Hence plaintiff avers that it has been damaged to the extent of $75,000, for which it brings this suit."

The defendant demurred to all five of the counts.

The Court below sustained the demurrer to the last four of the counts, and overruled it as to the first, upon which, and a plea to it, the case was tried, resulting in a verdict of one dollar for the plaintiff. A new trial having been refused, an appeal in the nature of a writ of error has been prosecuted to this Court by the plaintiff below. Many errors are assigned for reversal of the cause.

The record is also before us upon a writ of error sued out by the defendant bank, which assigns error to the action of the trial Judge in overruling its demurrer to the first count.

One of the contentions presented by the demurrer was that all the counts of plaintiff's declaration were laid in tort to recover damages for slander to the reputation and credit of the plaintiff, and that the suit was barred by the statute of limitations of six months. This somewhat novel view was adopted by the trial Judge as to the last four counts, and as to them this ground of demurrer was sustained, but overruled as to the first, the Court holding, as we assume, that this count was one *ex contractu.* It is with great earnestness argued by the defendant bank that as to these four counts this is a sound view, and that the judgment of the lower Court in this regard should be maintained.

The statute of limitation relied on by the demurrant, and applied by the trial Court to the

counts in question, is in these words: "Actions for slanderous words spoken shall be commenced within six months after the words spoken." Code (Shannon's), § 4468.

It would seem as if it would have been difficult for the Legislature to choose words which would more clearly exclude such an action as the present one from the operation of this section, or more apt to embrace alone an action for slander as this offense is defined by the text-books, the reported cases, and by standard lexicographers, both law and literary. All these substantially agree in defining slander as the speaking of base and defamatory words which tend to the prejudice of the reputation, office, trade, business, or means of getting a living of another. Cooley on Torts, pp. 229, 235; Newell on S. & L., 40; Townsend on Sl. and L., Sec. 3; Rapalje's Law Dic., 1198; 3 Bl., 183; *Pollard* v. *Lyon,* 91 U. S., 225; *Harrison* v. *Burem,* 1 Shannon's Tenn. Cases, 94; Webs. Internat. Dict.

But it is urged that slander may be perpetrated by an act or deed, and that when a banker wrongfully rejects his depositor's check as is charged in these counts, he slanders his business reputation and credit as much so as if he had defamed him in uttered words; that in such case it is the "act speaking," thus bringing the case within the terms of the statute. It is true we often say "actions speak," as in the homely adage

The J. M. James Co. *v.* Bank.

"actions speak louder than words," but this is a mere figure of speech, and by it ·is meant that the acts or deeds of one convey to others more distinct impressions than mere words, and frequently contradict the latter. But the Legislature was not, in passing this statute, refining upon the term "slander." An act may in the sense indicated "speak," but it has no articulate voice, and it is the slander so uttered—that is, by spoken words—which is in the spirit and letter of this section.

We have examined the authorities relied on by demurrant to sustain the trial Judge in the conclusion reached by him that these were counts in slander within the terms of this section, and by it barred because the suit was brought more than six months after the utterance of the slander, and we can discover in them no support for the contention of demurrant.

Before referring to them it is well to say that in none of the works on libel and slander accessible to us have their authors included what is called by the counsel for demurrant slander by deed or act; slander by spoken words is uniformly the subject of their text. In fact Mr. Odgers, in the introduction to his work on Libel and Slander, p. 7, says: "A man's reputation also may be injured by the deed or action of another, without his using any words, and for which injury he has an action on the case, but such

cases are not within the scope of the present treatise." Among the illustrations of such an actionable injury, but yet outside the limits of a work on slander, the author gives that of "a banker having in his hands sufficient funds belonging to his customer and dishonor his check." Cited to this text are the cases of *Marzetti* v. *Williams*, 1 B. & Ad., 415, and *Rollin* v. *Steward*, 14 C. B., 595, and while they support it they give no color to the present insistence that this act of the banker is slander, either in its technical or common acceptation. On the contrary, Williams, J., in the last mentioned case, says that such an action is like an action of slander brought by a trader as such for an imputation of insolvency, so far as the right to recover in damages is concerned, thus by implication negativing the idea that it was an action of slander.

Upon the basis of the analogy thus suggested between the two actions, as to the right and measure of recovery of damages, rests whatever there may be misleading in the later authorities. Mr. Cooley, in his work on Torts, in note to the text on page 203, says: "It is a species of slander of credit for a bank to refuse to honor the check of his customer who has money on deposit subject to call," citing to his note these two English cases. This is also true as to a footnote found on page 58 of Townsend on Slander.

The only case, which the industry of counsel for the demurrant has been able to bring to our attention, which gives any support to his contention, is that of *Svendeson* v. *State Bank,* 64 Minn., 40 (S. C., 58 A. S. R., 523). This, like the two cases already referred to, was an action by a trader against a bank to recover damages for dishonoring his check when it had ample funds of the depositor to meet it. In dealing with the question of the right to substantial damages, the Court said: "The case of *Patterson* v. *Marine National Bank,* 130 Pa. St., 419, seems to place the right to recover more than nominal damages in such a case on the ground of public policy, but the other cases place it rather on the ground that the wrongful act of the banker in refusing to honor the check imputes insolvency, dishonesty, or bad faith to the drawer of the check, and has the effect of slandering the trader in his business. To refuse to honor his check is a most effectual way of slandering him in his trade, and it is well settled that to impute insolvency to a merchant is actionable *per se,* and general damages may be recovered for such slander."

It is apparent, however, that the Court was not treating the case in hand as an action for slander, but was dealing with the act of the bank, that was just as effectual in imputing dishonesty or insolvency to its customer, as if either had been charged against him by word of mouth, and

in the analogy between the cases found a ground common to both for substantial damages.

This same analogy is pointed out in *Shaffner* v. *Ehrman,* 139 Ill., 109 (S. C., 32 A. S. R., 192; 15 L. R. A., 134); *Bank of Commerce* v. *Goos,* 39 Neb., 437 (S. C., 23 L. R. A., 190); and *Atlanta National Bank* v. *Davis,* 96 Ga., 334 (S. C., 51 A. S. R., 139). These cases, like the others, are dealing with the question of damages properly recoverable upon the mere averment, without more, that the plaintiff was a trader, and all agree that in such a case he should be awarded temperate but substantial damages, for in such a case "it is as in cases of libel and slander, which description of suit it closely resembles, inasmuch as it is a practical slur upon the plaintiff's credit and repute in the business world." *Atlanta National Bank* v. *Davis,* supra. We think there can be no doubt the trial Judge fell into serious error in treating these counts as counts in slander, and holding them barred by the statute of limitation of six months.

He was equally guilty of error in sustaining the defendant's first ground of demurrer to the second count of the declaration. This count has already been set out. It is in tort. It was a count for a breach of duty growing out of the implied contract of the bank to honor plaintiff's checks, as long as he had money to his credit. It was a count *ex delicto.* *Junker* v. *Fobes,* 45 Fed. Rep.,

840.   It alleged that plaintiff was a trader, and as such engaged "in the mercantile or commission business in the city of Memphis," but, as may be seen, avers no special damage as the result of the defendant's wrongful conduct.   The ground of demurrer referred to is that its failure to allege special damages was fatal.

The authorities are uniform that the averment that "plaintiff is a trader" is sufficient, and he is entitled in such a case to recover substantial damages, though special damage is not alleged. *Rollin* v. *Steward,* supra; *Patterson* v. *Marine National Bank,* supra; *Atlanta National Bank* v. *Davis,* supra. And in *Shaffner* v. *Ehrman,* supra, it is held that the averment, "plaintiff is a trader," supplies the lack of allegations that he suffered special damage, or that the defendant acted out of malice in dishonoring his check.

The assignments of error taken by plaintiff below to the action of the Court in the two particulars just mentioned are therefore well taken.

Again, the trial Judge was in error in sustaining the following ground of demurrer, to wit: "The defendant demurs for this: The plaintiff fails to aver that the bank did not have a lien on said moneys which were on deposit as alleged, for an indebtedness due by plaintiff to defendant." It is clear that if such lien existed it was a matter of defense to be brought forward by plea; there is no rule of correct pleading which re-

quired the plaintiff to negative it in its declaration.

Error is assigned upon the action of the trial Court in rejecting the testimony of one John Cousins that prior to the dishonor of the checks in question he frequenty induced his patrons to send their cotton to the house of plaintiff in error, but that after this time he ceased to do so; and also that having lost confidence in plaintiff in error, by reason of this dishonor, he did not send his own cotton.

This testimony was properly rejected. In an action of slander by a trader for defamatory words spoken of him in the way of his trade, no averment of special damage is necessary, because the words are actionable *per se. Bank* v. *Bowdre,* 92 Tenn., 724; and in the absence of such averment evidence of general loss of business is always admissible, for this is not special damage. But the plaintiff cannot show that particular persons have ceased to deal with him, unless the loss of their custom is set out in the pleadings as special damage. For it is right that the defendant should be furnished with their names before trial. Odgers on Libel and Slander, p. 318; Townsend on Slander and Libel, Sec. 345. There is such analogy between the present action and one for slander of a trader, that it is evident the same rule is applicable.

On the other hand, the testimony of Stratton,

the secretary of the plaintiff company, showing the general impairment of the credit by the dishonor of these checks, was within the rule of competency, and was improperly excluded from the jury.

In his summary of the material points which the plaintiff must establish in order to recover, the Court said to the jury: "It (the company) must satisfy you that it was damaged by the refusal of the bank to pay its checks, and how it was damaged, and the amount of the same, where it was subject to definite proof."

This was error. Having averred and proved that it was a trader, and that its checks were dishonored wrongfully by the bank, the law conclusively presumed that the plaintiff had sustained damages, which it was the duty of the jury under proper instructions to fix. *Shaffner* v. *Ehrman,* supra; *Bank* v. *Goos,* supra; *Robin* v. *Steward,* supra; *Bank* v. *Bowdre,* supra.

The trial Judge was also in error in the following instruction: "Under the law of this case the only damage that can be considered by the jury is the damage to the credit of the J. M. James Company with the persons or corporations to whom they gave the checks as established by the evidence."

It is evident that this narrow limitation upon the right of recovery by the plaintiff was in the face of the authorities already referred to. The

rejection by a bank of a check drawn upon it by a customer brings discredit to the drawer, not only with the person presenting it, but necessarily with all persons who are informed of the fact. And if this customer is a merchant, or trader, its natural effect is an injury to his business standing as far as the knowledge of the fact extends, for which he is entitled to substantial, though temperate, damages measured by all the facts in the case.

The Court below was further in error in the following instruction: "If the evidence establishes the fact that there was no absolute refusal to pay said checks, but only a request for delay to look into the condition of the J. M. James Company's account, you will determine from the evidence whether the request was reasonable or was unreasonable, under the facts and circumstances proven. If the request was reasonable, then you will determine whether the delay was reasonable or unreasonable. If you find it to be reasonable, then there can be no recovery in this case. If the request was unreasonable, or the delay was unreasonable in making an investigation of the account of the J. M. James Company, then there can be recovery in this case."

Upon this record it was the duty of the bank to honor these checks on presentation. No excuse was offered in the Court below for a failure to do so. No request for an opportunity to examine

The J. M. James Co. *v.* Bank.

the account of this company is shown. There is no pretense that time was needed for examination of the account. In truth the record discloses that when presented to the bank's teller he was at once informed that the company had to its credit funds to make them good. In view of these facts, and the additional fact that they were paid after several hours delay, this instruction could not have been otherwise than misleading to the jury and prejudicial to the plaintiff.

The judgment of the Circuit Court is reversed, and the cause is remanded.