### HILTON *v.* JESUP BANKING COMPANY.

1. In a suit by a customer against a bank to recover damages for the wrongful dishonor of his check, evidence relating to the customer's financial credit and standing is allowable, though there be no claim for special damages.

2. The damages recoverable in such a case are such temperate damages as would be reasonable compensation for the injury. Substantially this measure of damages was given in the charge complained of, when taken in connection with the context.

Submitted February 19,—Decided April 10, 1907.

Action for damages. Before Judge Parker: Wayne superior court. January 23, 1907.

*James R. Thomas,* for plaintiff.

*Robert L. Bennett* and *Bennett & Lambdin,* for defendant.

Evans, J. J. A. Hilton had to his credit with the Jesup Banking Company the sum of two dollars and ninety cents. He drew a check for this amount, which was properly indorsed and presented for payment to the defendant bank, within the usual business hours, and payment was refused. He sued the bank for the wrongful dishonor of his check, claiming "special damages, and as well as temperate, for said injuries." The bank admitted due presentation of the check, and that the plaintiff had to his credit the amount named therein, and set up that its failure to pay was because of an honest mistake of the cashier. The plaintiff voluntarily disclaimed any special damages, and the jury returned a verdict in his favor for ten dollars. He moved for a new trial, and upon the court's refusal to grant it, he brings error.

1. The only witness who testified was the plaintiff. On cross-examination, over his objection, the court required him to answer certain questions, which elicited the information that there was outstanding against him one unsatisfied execution; that other executions had been issued against him, and that he owed some debts connected with his mercantile business. Inasmuch as the plaintiff disclaimed, at the beginning of the trial, any special damages, he alleges that the testimony was irrelevant, and tended to prejudice his case. Under the undisputed evidence he was entitled to what may be termed temperate damages. A bank is liable in temperate damages to a customer for the wrongful dishonor of his check, without proof of special damages. *Atlanta Nat. Bank* v. *Davis,* 96 *Ga.* 334. This rule of liability is an exception to the general rule, that, save where a tort is committed maliciously, wilfully, or wantonly, proof of actual damages is necessary, to sustain an action ex delicto, brought by a person whose rights under a contract have been wrongfully disregarded by another party thereto. *State Mutual Life Assn.* v. *Baldwin,* 116 *Ga.* 861. The jury should be given some data from which they could find what would be temperate or reasonable damages. No safer or better criterion could be furnished than the commercial environment of the drawer of the check. Where no special damage is shown, the drawer's financial condition

might well be considered in determining to what extent his credit may have been impugned, or a slur cast on his business standing. On the other hand, the drawee ought to be permitted to show that the drawer's condition was such that his financial credit and standing may not have been seriously impeached. This kind of action may be analogized to an action of libel or slander, where evidence of the plaintiff's reputation or character in respect to the trait involved in the defamation is always allowable in estimating the damages. 18 Am. & Eng. Enc. L. (2d ed.) 1100. Just before the witness delivered the testimony to which objection was made, he had stated that he surmised that the dishonor of his check had caused a certain business deal to fall through. Under the case made, we think the evidence was properly allowed.

2. The court charged the jury: "Now it is the law in this kind of a case that what is known as temperate damages shall be given by the jury. Where a party has money on deposit in a bank and draws a check for that amount of money, or for less amount, if the bank does not pay that check when presented in business hours, the bank is liable for what is known as temperate damages, which are to be fixed by the jury trying the case." The error alleged is that the charge, unexplained, was calculated to cause the jury to believe that the plaintiff was entitled to recover only a small sum of money. Immediately following the charge quoted the court instructed the jury: "It is for you to say what is right and proper in this case, and you will write your verdict in accordance with that." As we have seen, the plaintiff sued for "temperate" and "special" damages; but he eliminated all claim for special damages, before any evidence was introduced. His suit then stood for damages which he classed as "temperate." The court instructed the jury that he was entitled to "temperate" damages. The word "temperate" is defined in the Century Dictionary as "moderate; showing moderation; not excessive, lavish or inordinate." This was the kind of damages which the plaintiff claimed, and to which he was entitled. Temperate damages are such as would be a reasonable compensation for the injury; they are more than nominal damages. *Atlanta Nat. Bank* v. *Davis,* supra. The court instructed the jury that they should return such sum as was right and proper under the circumstances; that is,

such as would be reasonable under the facts of the case. If the defendant wished any further elaboration on the subject of damages, he should have presented a timely request for the same.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*