7310.  STEVENS *v.* LITTLE-CLECKLER CONSTRUCTION COMPANY.

The court erred in sustaining the general demurrer to the petition.
DECIDED JULY 27, 1916.

Attachment; from city court of Washington—Judge Wynne. February 18, 1916.

*C. E. Sutton, Colley & Colley,* for plaintiff.

*R. C. Norman,* contra.

BROYLES, J.  Joe Stevens brought suit for damages in the sum of $500 against the Little-Cleckler Construction Company, and his petition alleged in substance the following facts: The Little-Cleckler Construction Company, during the month of August, 1915, was engaged in the building of a court-house at Lincolnton, Georgia, and petitioner was during that month employed by the defendant company as a day-laborer at so much per day. About August 13 the petitioner, desiring to return to his home at Washington, Georgia, made demand on the paymaster of the company for his wages for that week, and the demand was refused, defendant advising him that it was after pay hours. Thereupon petitioner endeavored to obtain the sum due him, from several officials connected with the company, because he expected to leave at daylight the next morning, but his demands were refused. On the

following morning petitioner and one Dee Hill, a laborer also employed by the company, agreed that Hill would advance petitioner his wages due, provided petitioner would allow him to draw the wages due petitioner at pay hours that afternoon. Petitioner agreed to this, and the amount of money, to wit, $6.25, was advanced by Hill to petitioner. Petitioner thereupon returned to his home at an early hour Saturday morning. Several days after petitioner returned home he was notified that he must give Hill a written assignment of his wages before he would be allowed to draw the same for petitioner, which petitioner did. When this written assignment was presented to the company's office payment of the same was refused, the defendant stating that they had settled with petitioner before he left Lincolnton on August 13, and that the defendant owed him nothing, although at that time the defendant did owe him $6.25 for his wages, and the refusal to pay it, under the circumstances, was a wilful wrong and tort, for which the defendant was liable in the sum of $6.25 as damages, as a part of the $500 sued for. Thereupon Hill, acting upon statements made to him by defendant, caused a warrant to be issued for petitioner, and petitioner was placed under arrest by officers at Washington, Georgia, and was not released until he had paid all costs of the warrant and the amount advanced to him by Hill, to wit, $6.25. Petitioner has always enjoyed a splendid reputation for uprightness and honesty in Wilkes county, where he has lived for a number of years, and had never before been placed under arrest. Petitioner suffered greatly from mortification and embarrassment by being thus arrested as a common swindler, and his reputation has been seriously injured as a result. The officers making the arrest brought him to the council chamber in Washington, and detained him there until he had raised the money to pay off the warrant, and his reputation in the community suffered from such arrest. The statements made by the construction company to Hill were false, malicious, and untrue, and were the direct cause of petitioner's being placed under arrest. The defendant company is indebted to petitioner in the sum of $493.75, for injury to petitioner's feelings and to his reputation, caused by his arrest and detainment.

The defendant demurred to the petition, and upon the hearing thereof the plaintiff offered the following amendment to his peti-

tion: "That when the said Dee Hill attempted to draw the wages due petitioner of $6.25, the said construction company's officer in charge of the pay-roll, or the agent of the company who had charge of such matters, advised the said Dee Hill to issue a warrant for petitioner as the way in which to collect the sums which had been assigned to him, and the said warrant was issued by their knowledge and advice; that the construction company advised the said Dee Hill that petitioner had wilfully defrauded him, and the warrant was issued with their full knowledge and connivance and consent; that the petitioner further alleges that said concern ratified this action of their agent or official in advising that this warrant be issued." The court refused to allow this amendment and the plaintiff excepted to that judgment. The court then sustained the demurrer and dismissed the petition, and the plaintiff sued out his bill of exceptions to this court.

In our opinion, the court erred in refusing to allow the proffered amendment, and in dismissing the petition on demurrer. While it is true that a corporation is not liable for damages resulting from the speaking of false, malicious, and defamatory words by an agent, unless it affirmatively appears that the agent was directed or authorized by the corporation to speak such words (*Jackson* v. *Atlantic Coast Line R. Co.*, 8 *Ga. App.* 495, 69 S. E. 919; *Behre* v. *National Cash Register Co.*, 100 *Ga.* 213, 27 S. E. 986, 62 Am. St. R. 320), yet the rejected amendment showed much more than mere defamatory words uttered by an agent of the defendant corporation; it alleged in substance that the agent of the defendant company not only spoke slanderously of the plaintiff, but that, acting for the company in the conduct of its business, he specifically advised the prosecutor Hill to swear out a criminal warrant against the petitioner; that this warrant was sworn out, and that the defendant ratified this action of its agent in advising that this warrant be issued, and that the warrant was issued with its full knowledge and connivance. In the Civil Code, § 4433, it is declared that a false and malicious charge against a person which is calculated to injuriously affect his financial standing as a business man is actionable per se, in that damage will be inferred; and under section 4450 an arrest under process of law, without probable cause, when done maliciously, gives a right of action to the party arrested. The petition was possibly subject to special de-

murrer, but, in our judgment, it set forth a cause of action. Under the allegations therein the plaintiff was certainly entitled to at least nominal and "temperate" damages. It has been held that even in the absence of allegations of special damage, a bank which refuses the check of a depositor who has at the time sufficient funds in bank to meet it is liable to him not only for nominal damages, but for such temperate damages as would be a reasonable compensation for the injury inflicted upon him. This is true although the injury is caused not deliberately or maliciously, but in consequence of an honest mistake of an employee of the bank. *Atlanta National Bank* v. *Davis,* 96 *Ga.* 334 (23 S. E. 190, 51 Am. St. R. 139); *Hilton* v. *Jesup Banking Co.,* 128 *Ga.* 30 (57 S. E. 78, 11 L. R. A. (N. S.) 224, 10 Ann. Cas. 987).

Under the foregoing ruling it is clear that the plaintiff's petition showed a cause of action, and that it was error to dismiss it upon demurrer.                                          *Judgment reversed.*