19739. Few *v.* First National Bank of Madison.

Bell, J. 1. Where a check properly indorsed is presented for payment to the bank on which it is drawn, and the drawer has at the time sufficient funds on deposit with the bank to meet the check and has given no instruction to the contrary, a refusal by the bank to pay the check will constitute an actionable wrong against the drawer, for which the drawer may recover damages. *Atlanta National Bank* v. *Davis,* 96 *Ga.* 334 (23 S. E. 190, 51 Am. St. R. 139); *Hilton* v. *Jesup Banking Co.,* 128 *Ga.* 30 (57 S. E. 78, 11 L. R. A. (N. S.) 224, 10 Ann. Cas. 987); *Stevens* v. *Little-Cleckler Construction Co.,* 18 *Ga. App.* 483, 486 (89 S. E. 597).

2. "The rule that the title to money placed in a bank on general deposit passes immediately to the bank, and the relation of debtor and creditor is thereby created between the bank and the depositor, and the credit of the bank is substituted for the money, applies also to checks or drafts, where they are received on deposit to be treated as cash, and this is the intention of both parties." *First National Bank* v. *McMillan,* 15 *Ga. App.* 319 (83 S. E. 149).

3. Where a customer goes to the office of a bank and inquires as to the status of his account, and is informed by the assistant cashier, who is in charge of the business of receiving deposits and paying checks, that certain specified checks were presented for payment and were then in the possession of the bank for that purpose, in an amount in excess

of the customer's balance, and the customer upon receiving this information inquires further as to the amount necessary to cover the deficiency, and, receiving information also as to this matter, draws a draft upon a third person residing elsewhere, and enters a memorandum of the amount thereof as a credit item on the usual deposit ticket, which with his then existing balance is sufficient to cover the checks named, and such draft and deposit ticket are physically received by the bank through its assistant cashier without objection or comment, and the bank thereafter actually pays some checks against the deposit thus indicated, these circumstances will authorize the inference that it was the intention of the parties that for the purpose of paying the checks specifically mentioned the customer was to be treated as having added to his general deposit the amount of such draft, and that the resulting balance would be subject to the payment of such checks; and this is true although the deposit ticket contains a recital indicating that such draft would be accepted by the bank as agent for the customer and for collection only, the facts warranting the inference that the bank advanced to the customer the amount of the draft upon the faith of its ultimate collection. *Fourth National Bank* v. *Mayer*, 89 *Ga.* 108 (3) (14 S. E. 891); *Bailie* v. *Augusta Savings Bank*, 95 *Ga.* 277 (21 S. E. 717, 51 Am. St. R. 74); *National Bank of Webb City* v. *Everett*, 136 *Ga.* 372 (71 S. E. 660); *Alexander* v. *First National Bank*, 140 *Ga.* 266 (2) (78 S. E. 1071); *Spooner* v. *Bank of Donalsonville*, 144 *Ga.* 745 (2) (87 S. E. 1062).

4. Where the bank refuses to pay one of the checks specifically mentioned, when the customer's account is in the condition stated above, such refusal is wrongful and the customer may recover damages therefor. In such a case the fact that the bank may have had the right to debit the customer's account with the amount of the draft in case of its nonpayment would not affect the right of the customer to check against the deposit represented thereby before the making of any such debit or charge. It appears, however, in the present case that the draft was actually paid in due course. 2 Morse on Banks & Banking (6th ed.), 1225-1228.

5. The statement of the assistant cashier, in response to such inquiry by the customer, to the effect that described checks had been presented for payment, without the mention of others, if made as claimed, amounted to an admission by the bank that no other checks had been presented for payment at that time, and in a suit by the customer against the bank for the wrongful refusal to pay one of the checks specified, testimony of the assistant cashier that other checks had been presented would not conclusively rebut the inference to be drawn from such admission, where his testimony was contradicted by the testimony of the customer as to other relevant and material matters. *Chero-Cola Co.* v. *Southern Express Co.*, 29 *Ga. App.* 656 (3) (116 S. E. 325); *Haas* v. *Godby*, 33 *Ga. App.* 218 (1 c), 223 (125 S. E. 897).

6. Where a customer deposits money with instruction to pay specified checks or obligations, it is the duty of the bank to apply the deposit to such purpose as far as it will go, and such an instruction given at the time of making and accepting such deposit may include a previously

existing balance, where up to that time other checks have not been presented for payment out of such balance. *Southern Exchange Bank v. Pope*, 152 *Ga.* 162 (2), 165 (108 S. E. 551); 1 Morse on Banks (6th ed.), 536; 2 Id. 991.

7. The fact that during the course of a day's business checks of the customer have been presented in such an amount as would more than exhaust his deposit will not excuse the failure to pay a particular check, if the deposit was sufficient to pay it at the time of its presentation. The bank is not relieved because it may have applied the fund to the payment of other checks, presented at a later hour. 2 Morse on Banks, 991.

8. Under conflicting evidence as to the material issues in the case the jury could have found that the defendant bank had wrongfully refused to pay the customer's check, as alleged in the petition, and it was therefore error to direct a verdict in favor of the defendant.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JANUARY 24, 1930.

*M. C. Few,* for plaintiff.
*Q. L. Williford, E. R. Lambert,* for defendant.