38029. SHOOK *v.* SOUTHERN RAILWAY COMPANY.

DECIDED JANUARY 27, 1960.

*McCord & Cooper, William H. Cooper, Reuben A. Braswell,* for plaintiff in error.

*Greene, Neely, Buckley & DeRieux, Sanders McD. Marshall, Edgar Neely, John D. Jones,* contra.

FELTON, Chief Judge. The defendant has moved to dismiss the writ of error on the grounds that orders of March 16th and July 13th are not final orders from which an appeal will lie and that the order of August 31st is not final since it does not preclude plaintiff from reinstating his action. It is true that where the court sustains any or all demurrers to pleadings, and allows time for the filing of an amendment, such judgment or order is not subject to exception or review. *McCormick* v. *Johnson*, 213 *Ga.* 544 (1) (100 S. E. 2d 195). The order of March 16th falls squarely within this rule and the exception thereto will not be considered. The order of July 13th is tantamount to an order allowing time for the filing of an amendment and the exception thereto will not be considered for the same reasons. The order of August 31st, however, is certainly final and conclusive on the rights of the plaintiff except as to a subsequent action for actual expenses incurred as a result of the delay in the delivery of the body. "Where a judgment is without prejudice as to certain specified matters, it does not operate as res judicata upon matters within the terms of the saving clause, but does conclude all matters not within these terms." 17 Am. Jur. 172 "Dismissal," § 103. The order of August 31st is a final judgment in the present case although because of its specific provisions it will not operate as res judicata except as to the right to recover for the mental pain and suffering alleged in paragraphs 19, 20 and 21. This order is therefore subject to review and the motion to dismiss the writ of error is accordingly denied.

The effect of our ruling on the motion to dismiss is to leave as the sole issue for review the propriety of the order of August 31, dismissing the petition for failure to strike the paragraphs seeking recovery for mental pain and suffering. On this issue the ruling of this court in *McNeal* v. *Seaboard Air-Line Ry.*, 23 *Ga. App.* 473 (98 S. E. 409) is conclusive. In that case, where the plaintiff sued to recover for "severe mental and nervous shock" resulting from the negligent delay in transportation of her father's body by the defendant railroad causing a postponement of the funeral, it was held: "There can be no recovery of damages because of mental pain and anguish alone which resulted from mere negligence, when there was no physical tort resulting in in-

jury to person or purse." It follows that in the absence of allegations of physical injury or of malicious, wanton, voluntary and intentional wrong, the plaintiff is not entitled to recover for "mental pain and suffering, nervousness, upset, anxiety, embarrassment and humiliation." *Dunn* v. *Western Union Tel. Co.*, 2 *Ga. App.* 845 (3) (59 S. E. 189); *Kuhr Bros.* v. *Spahos*, 89 *Ga. App.* 885, 891 (81 S. E. 2d 491), and cases cited.

The demurrers to paragraphs 19, 20 and 21 of the petition were properly sustained, and the court did not err in dismissing the petition upon failure to strike these allegations, such dismissal being without prejudice to the plaintiff's right to recover other items of damage in a subsequent action.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*