39117. MILLEDGEVILLE BANKING COMPANY
v. CARR.

Decided October 11, 1961.

Robert H. Herndon, Frank W. Bell, for plaintiff in error.

W. George Thomas, contra.

NICHOLS, Judge. ■ The defendant's special demurrers, attacking one paragraph of the plaintiff's petition, are neither argued nor insisted upon and are treated as having been abandoned.

■ The defendant's general demurrer was based solely on the ground that the petition set forth no cause of action and, accordingly, did not reach the question argued in defendant's brief that the petition was ambiguous in that it did not clearly show whether the plaintiff was seeking a recovery ex contractu or ex delicto. See Ward v. Nance, 102 Ga. App. 201 (1) (115 SE2d 781), and citations.

■ While a bank may set off funds on deposit against a matured claim of the depositor (see Aiken v. Bank of Georgia, 101 Ga. App. 200, 202, 113 SE2d 405, and citations), where it fails or refuses to honor a properly presented check drawn on it by the depositor when sufficient funds are on deposit to cover such check the depositor is entitled to recover "temperate" damages for such refusal. See the following cases cited by the trial court in support of the judgment overruling the defendant's general demurrer. Atlanta Nat. Bank v. Davis, 96 Ga. 334, 337 (23 SE 190, 51 ASR 139); Hilton v. Jesup Banking Co., 128 Ga. 30, 32 (57 SE 78, 11 LRA (NS) 224, 10 AC 987); Stevens v. Little-Cleckler Const. Co., 19 Ga. App. 483, 486 (89 SE 597); Few v. First Nat. Bank, 40 Ga. App. 791 (1) (151 SE 546).

The plaintiff's petition alleged that he had funds on deposit sufficient to cover the checks dishonored, and that the notes indorsed by him had not matured and were not past due. The plaintiff's petition set forth a cause of action and the trial court did not err in overruling the defendant's general demurrer.

Judgment affirmed. Carlisle, P. J., and Eberhardt, J., concur.