## 49170. DEFOOR v. THE STATE.

EVANS, Judge.

The defendant, a county commissioner, was indicted jointly with other persons for the offense of theft by taking. There were two separate indictments, and each contained multiple counts. He was also indicted for the offense of selling personal property to a political subdivision of which he was an officer, which indictment contained five counts. Prior to arraignment, defendant filed general and special demurrers to the indictments, and moved to dismiss same. The demurrers were overruled, the trial judge signed a certificate of immediate review, and defendant appeals to this court. *Held:*

1. As to the two indictments which charge theft by taking, each count charged that defendant, as county commissioner, did *"then and there having lawful possession of the money of the county of Gordon . . ."*

appropriate said property to their [defendant and co-defendant] own use in that the said county commissioner *"did make, draw, and sign a check"* in a specified amount upon funds of the County of Gordon, which check was made payable to another person, which said payee negotiated said check and received the proceeds thereof, whereas a part of the money specified in said check was not for any debt due by the county.

The indictment is somewhat vague as to how this constituted an appropriation to the use of the defendant county commissioner, but it is unnecessary to dwell on that feature of the indictment here, because a more serious defect is inherent in the indictments. The indictments alleged at the outset that the money wrongfully appropriated *was in the lawful possession of the county commissioner.* Having thus alleged "lawful possession" in the county commissioner, when the case reached the trial stage, it would, of course, be incumbent on the state to prove such "lawful possession." See *Scarboro v. State,* 207 Ga. 449, 450 (2) (62 SE2d 168). But then the indictments proceeded to allege facts which showed the county commissioner *was not in lawful possession of the money,* but said money had been deposited in a bank. The county commissioner was therefore *creditor* of the bank as to said funds, and the bank was a *debtor* to the county commissioner thereof. Criminal indictments, after conviction, are construed most favorably toward the state. *King v. State,* 103 Ga. App. 272 (1) (119 SE2d 77). But here we have had no trial, and no conviction, and such construction does not obtain. At this stage, the indictment is construed as are criminal statutes, "strictly against the State and liberally in favor of human liberty." *Curtis v. State,* 102 Ga. App. 790, 802 (118 SE2d 264), citing *Matthews v. Everett,* 201 Ga. 730 (41 SE2d 148); *Glustrom v. State,* 206 Ga. 734 (58 SE2d 534); *State of Georgia v. Schafer,* 82 Ga. App. 753 (62 SE2d 446); *Moore v. State,* 94 Ga. App. 210 (94 SE2d 80). No allegation to the contrary appearing, it must be assumed that the money was on general deposit; and not only was possession thereof in the bank, but title to the funds was likewise in the bank. *McGregor v. Battle,* 128 Ga. 577 (1) (58 SE 28); *First National Bank of Fayetteville, Tenn. v.*

*McMillan* Bros., 15 Ga. App. 319 (1) (83 SE 149); *Few v. First National Bank,* 40 Ga. App. 791 (2) (151 SE 546); *Foster v. Peoples Bank,* 42 Ga. App. 102 (1) (155 SE 62).

We repeat that the allegation that possession of the money was in the county commissioner is completely negated by the subsequent allegation that same was in a bank. The defendant is entitled to have the allegations of the indictment, prior to conviction, construed most favorably towards his position. And at the very least, the two opposing statements in the indictment would tend to neutralize and destroy each other. *Adams v. Johnson,* 182 Ga. 478, 480 (185 SE 805).

The trial court erred in overruling the demurrers as to indictments No. 351 and No. 352.

2. Indictment No. 355 alleged that the county commissioner sold certain personal property to the county, to wit, "services," etc. The demurrer challenges the indictment upon the ground that the statute does not penalize the selling of *services* by a county commissioner to the county that he serves; and in effect charges that *services* are not included within the term *"personal property."*

We hold that personal property includes services. See *Bainbridge Power Co. v. Ivey,* 38 Ga. App. 586, 588 (10) (144 SE 825); *Frazier v. Georgia R. Co.,* 101 Ga. 70 (3) (28 SE 684); *Pinkerton &c. Agency v. Stevens,* 108 Ga. App. 159, 161 (1) (132 SE2d 119); *Studdard v. Evans,* 108 Ga. App. 819, 822 (135 SE2d 60); *Blakeman v. Harwell,* 198 Ga. 165, 166 (6) (31 SE2d 50).

Further, the new Criminal Code defines *property* as including *services.* Code Ann. § 26-401 (n) (Ga. L. 1968, pp. 1249, 1263; 1970, pp. 236, 237).

The trial court did not err in overruling the demurrers or defenses as to indictment No. 355.

*Judgment affirmed in part; reversed in part. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED APRIL 4, 1974 — DECIDED APRIL 24, 1974 — REHEARING DENIED MAY 10, 1974 —

*Chance & Maddox, Cook & Palmour, A. Cecil*

*Palmour,* for appellant.
*Tony H. Hight,* for appellee.