29014, 29042. DEFOOR v. THE STATE; and vice versa.

ARGUED SEPTEMBER 9, 1974 — DECIDED NOVEMBER 5, 1974 —
REHEARING DENIED NOVEMBER 18, 1974.

*Chance & Maddox, Cook & Palmour, A. Cecil Palmour,* for appellant.
*Tony H. Hight,* for appellee.

GRICE, Chief Justice.

The Court of Appeals in *DeFoor v. State,* 131 Ga. App. 767 (206 SE2d 713), reviewed the overruling by the trial judge of demurrers to indictments charging DeFoor, a county commissioner, with theft by taking, and to an indictment charging him with selling "services" to a political subdivision of which he was an officer.

The Court of Appeals in the first division of its opinion ruled that the demurrers to the indictments charging theft by taking should have been sustained; and in the second division, that the demurrer to the indictment charging the selling of "services" to the county was properly overruled.

In Case No. 29014 this court granted the application for certiorari of DeFoor to review the ruling of affirmance

by the Court of Appeals in the second division of its opinion.

In Case No. 29042 we granted the application for certiorari of the state to review the ruling of reversal by the Court of Appeals in the first division of its opinion.

█ The indictments charging theft by taking were brought under Code Ann. § 26-1802 (a) (Ga. L. 1968, pp. 1249, 1290).

In each count it was charged that a co-indictee and DeFoor, as Commissioner of Gordon County, "having lawful possession of money of the County of Gordon received as revenue and allocated for the operation of all departments and offices under the control and supervision of the Commissioner of Gordon County," and "being in lawful possession of certain property, to wit: money" in a stated amount, "of the property of the government and citizens of Gordon County, did unlawfully appropriate to their own use said property with the intention of depriving said owner of said property, for on" a stated date, "the said Everett L. DeFoor did make, draw, and sign a check" in a stated amount "drawn upon the Commissioner of Roads and Revenue and upon funds of the County of Gordon" made payable to a stated payee, and negotiated by the payee, which included an amount for parts for equipment belonging to the co-indictee, to which the co-indictee was not legally entitled.

The Court of Appeals in the first division of its opinion held that the allegation that "possession of the money was in the county commissioner is completely negated by the subsequent allegation that same was in a bank," and that "the two opposing statements in the indictment would tend to neutralize and destroy each other." It was ruled that the trial court erred in overruling the demurrers as to these indictments.

The Court of Appeals cited *McGregor v. Battle,* 128 Ga. 577 (1) (58 SE 28, 13 LRA (NS) 185), and cases in the Court of Appeals following the *McGregor* case, as authority for the statement that where money is placed in a bank on general deposit, the title to the fund is in the bank, and the credit of the bank is substituted for the money.

These cases were all civil cases. In the *McGregor* case the question which the court decided was whether the deposit of certain money in a bank was a general or a special deposit.

In *Blalock v. State,* 166 Ga. 465 (143 SE 426), relied on by DeFoor, it was held that a bank which had been made the depository and disbursing agent of a county could not be charged with embezzlement of funds of the county, because the deposits made by the county were general deposits and became the property of the bank when deposited therein. The statement in that case that "a county treasurer, if authorized to make general deposits of the county in a bank, could not be indicted for embezzlement of such funds after they had been so deposited," did not refer to facts similar to those charged in the indictments presently before this court.

The indictments here charged a theft by taking, participated in by two co-indictees, accomplished by the commissioner drawing a check on the county's account and the payee cashing the check, which included an amount the payee was not legally entitled to receive. At the time the thefts charged were completed, the money had been drawn from the bank by the check of the commissioner, and the title to the money was not in the bank.

In *Jackson v. State,* 76 Ga. 551, 570, in dealing with assignments of error in an embezzlement case, this court said: "What difference can it make whether the defendant took the money directly when it came into his hands, or drew it from banks where he had deposited it subject to his own check? He could in no sense be said to have embezzled checks; the checks were drawn by him and used as a means of getting the money; the money was under his control, whether it was in the coffers of the company or of banks in which he had placed it."

Possession of money may be actual or constructive. Code §§ 85-1701, 85-1702. The allegation that the commissioner was in "lawful possession" of the money referred to his custody and control over it. There was no inconsistency in the indictments which charged theft by having possession of county money and withdrawing such money by check for an illegal purpose.

The indictments charged a crime under Code Ann. § 26-1802, and the Court of Appeals erred in holding that the demurrers to the indictments charging theft by taking were improperly overruled.

■ Each count of the indictment charging DeFoor with selling personal property to Gordon County alleged that DeFoor, doing business as D & D Contractors, sold "services" to Gordon County.

This indictment purported to charge a crime under Code Ann. § 26-2306 (b) (Ga. L. 1968, pp. 1249, 1307; 1972, pp. 542, 543), which provides: "Any officer or employee of a political subdivision or agency thereof, who for himself or in behalf of any business entity sells any personal property to the political subdivision of which he is an officer or employee or to any agency thereof, shall upon conviction, be punished by imprisonment for not less than one nor more than five years: Provided, however, that the provisions of this subsection shall not apply to any sales of less than $50 per calendar quarter or sales made pursuant to sealed competitive bids made by an officer or employee of a political subdivision or agency thereof, either for himself or in behalf of any business entity."

The Court of Appeals in the second division of its opinion held that "services" are included in the term "personal property," as used in this statute.

The cases cited by the Court of Appeals are all civil cases, and none of them deals with the specific question presented here.

The Court of Appeals also cited the definition of "property" given in Code Ann. § 26-401 (n) (Ga. L. 1968, pp. 1249, 1263; 1970, pp. 236, 237).

The definition of "property" given in Code Ann. § 26-401 (n) lists numerous things of value, including real estate, tangible and intangible personal property, contract rights, and services. The General Assembly in enacting the statute we are dealing with here (Code Ann. § 26-2306 (b)) obviously did not intend that this broad definition of "property" should be applied, because it limited the term property by the word "personal."

Criminal statutes must be strictly construed. "For any particular act or conduct to constitute a criminal

offense the statute defining the offense, or some other law of the state must in express terms declare such conduct to be a violation of the law or provide that it be punished as a criminal offense." *Wood v. State,* 219 Ga. 509 (134 SE2d 8); *Beckman v. State,* 229 Ga. 327, 331 (3) (190 SE2d 906).

Since the selling of "services" to a political subdivision by any officer or employee of the subdivision is not expressly made criminal by Code Ann. § 26-2306 (b), the trial judge should have sustained the demurrer to the indictment charging DeFoor with selling services to the county, and the Court of Appeals erred in affirming the overruling of the demurrer.

*Judgment reversed in both cases. All the Justices concur, except Hall, J., who dissents from Division 2.*