## 49923. AMERICAN EXPRESS COMPANY v. VARNEDOE.

ARGUED NOVEMBER 7, 1974 — DECIDED DECEMBER 2, 1974.

*N. Forrest Montet,* for appellant.
*Greene, Buckley, DeRieux & Jones, John D. Jones,* for appellees.

DEEN, Presiding Judge.

■ "The proximate cause is the efficient cause, the one that necessarily sets the other causes in operation." *Savannah Electric Co. v. Wheeler,* 128 Ga. 550, 562 (58 SE 38, 10 LRA (NS) 1176). Obviously the chain of events complained of was set in motion when the plaintiff purchased the travelers checks, the folder of which contained representations that they were "good until used," and the owner should "keep them as everyday or emergency money — they never expire." Neither the plaintiff nor anyone else was informed that the checks could expire by drowning. The mechanism (causing certain ink to vanish when wet and leave the word "Void" in two places on the instrument) was for the benefit of the issuer, who is the ultimate entity responsible where the checks are forged or otherwise tampered with. While the purpose is commendable, it must be effectuated in such a manner that the purchaser is not harmed thereby. Failure to warn of a concealed

device implanted by the seller which may, without fault on the part of the purchaser, render funds advertised as "emergency money" unusable in a foreseeable emergency, and which results in injury to the latter, may constitute negligence under these circumstances, and it was the prerogative of the jury to so find. The situation is much like that of one who purchases an automobile having a latent defect which causes the brakes to fail and thereby injures him. The plaintiff is not limited to an action for breach of contract, but may sue in tort based on negligence in creating the defect, or in failing to warn him thereof.

Varnedoe sued American Express Company and Southern Airways Company jointly for damages for wrongful ejection from the latter's airplane on which he was a passenger. A verdict against both defendants was returned by the jury and by consent a provision assessing $2,000 damages against the airline and $3,000 against the appellant was not contested on the ground of separability. The testimony, in its light most favorable to support of the verdict, is as follows: Varnedoe had bought a group of $20 travelers checks from American Express in Texas which he used on a vacation. Later, while in Nashville, Tenn., he was thrown from a motorcycle into a water-filled ditch and sustained a painful ankle injury. After first aid at the local hospital he purchased a ticket from Nashville, Tenn. to Savannah, Georgia, paying the Southern ticket agent with three of the travelers checks, which left him with two other checks. He obtained the ticket and $10 in change, was taken in a wheelchair to the airplane and boarded it in considerable pain which, according to the testimony of a flight stewardess, continued through the trip. Meanwhile, the ticket agent again examined the travelers checks and noticed that each contained the word "Void" under the top line identification signature of the plaintiff, and again under the printed check numbers. He alerted employees in Huntsville, Alabama, where there was a scheduled stop. A security officer and an armed uniformed guard there boarded, forced the plaintiff to deplane on crutches, and escorted him into an office for investigation. The rule is, as stated in *Mauldin v. Sheffer,* 113 Ga. App. 874, 878 (150

SE2d 150) that to maintain an action ex delicto because of a breach of duty growing out of the contractual relation, the breach must be shown to have been a breach of a duty imposed by law, and not merely a breach imposed by the contract. There is here, over and above the duty of the issuer to honor the travelers check on presentation, a duty not to injure the holder by withholding credit which he has paid for and is entitled to receive, subjecting him to embarrassment, humiliation, loss of time, and physical pain. There is ample evidence to support a verdict regardless of whether we consider the evidence of two of Southern Airways employees who testified they were informed, in reply to the long distance calls to two numbers provided by American Express for such purposes, that the checks were non-negotiable and could be returned only by the plaintiff and (as he testified he was told) only at the place of issuance. This evidence was admitted by the court for the limited purpose of explaining the conduct of Southern Airways (Code § 38-302). Such evidence is "not independent evidence to establish the truth of such information." *Coleman v. State,* 127 Ga. 282 (1) (56 SE 417). Is it sufficient, however, if the jury believed the co-defendant was so informed, sufficient to allow them to believe that they were so informed *by* the appellant, where the testimony was that the witnesses did not know the name of the person with whom they talked? Assuming that it was not, it nevertheless established that numbers furnished by the appellant were called on four occasions, and one airline employee testified without objection that immediately thereafter he returned the checks to the plaintiff and told him they were worthless to the airline. From all of this evidence, even when given its narrow construction, the legal inference is that the witness based his decision on the call, the call having been made to a number furnished by the appellant and received on a toll-free long distance line is a circumstance suggesting it was received by an authorized party. The fact that not one but four long distance toll-free telephone calls were made with the same result increases the viability of this inference. These facts also tend to support the negligence aspect of the case.

■ It is further contended that there is no evidence to

support a verdict in the amount returned. Appellant argues that there was no injury to "purse or person" so that, in the absence of wilful and malicious conduct, no more than nominal damages could be recovered. See *Shook v. Southern R. Co.,* 101 Ga. App. 128, 131 (113 SE2d 155); *Massey v. Perkerson,* 129 Ga. App. 895 (201 SE2d 830). It is quite possible that this verdict ($3,000) can be justified under several theories. One, however, which we deem adequate, is that the sole purpose of the sale of travelers checks is, as the appellant represents it to be, to provide safe and easily negotiable emergency funds to the purchaser. When this purpose fails due to the negligence of the issuer the situation is much the same as when a bank customer's check is negligently dishonored. As to such a situation, in a case where no actual damages were proved, the court held in *Atlanta Nat. Bank v. Davis,* 96 Ga. 334, 336 (23 SE 190): "It has been said that if in such action the customer does not show that he has suffered a tangible or measurable loss or injury from the refusal, he shall recover only nominal damages. But the better authority seems to be, that even if such actual loss or injury is not shown, yet more than nominal damages shall be given," and he is entitled to temperate or substantial damages, as the case may be. "This rule of liability is an exception to the general rule that, save where a tort is committed maliciously, wilfully, or wantonly, proof of actual damages is necessary to sustain an action ex delicto, brought by a person whose rights under a contract have been wrongfully disregarded by another party thereto." *Hilton v. Jesup Banking Co.,* 128 Ga. 30, 31 (57 SE 78). See also *Stevens v. Little-Cleckler Const. Co.,* 19 Ga. App. 483 (89 SE 597); *Milledgeville Bkg. Co. v. Carr,* 104 Ga. App. 610 (3) (122 SE2d 284). We do not, therefore, pass upon the other theories advanced by the plaintiff as justifying the verdict in the amount rendered.

Counsel for appellant rely on the recent case of *Brown v. Hilton Hotels Corp.,* 133 Ga. App. 286 ( — SE2d —) where it was held that in an action based on the defendant hotel's failure to honor prepaid reservations the recovery would have to be for breach of contract rather than damages for tort, because the damage arose out of the defendant's failure to perform rather than out of the

breach of a duty in the manner in which the contract was executed. Here, there is not only a failure to perform, but a breach of a duty owing to the purchaser not to set up a latent condition which might, without fault on his part, destroy the value of his property.

The trial court properly overruled the motions for judgment notwithstanding the verdict and for a new trial on the general grounds.

*Judgment affirmed. Stolz and Marshall, JJ., concur.*